**Jack F. BISHOP, Jr., Appellant (Defendant Below),**

v.

**STATE of Indiana, Appellee (Plaintiff Below).**

**No. 02A04–9305–CR–189.**

Court of Appeals of Indiana, Fourth District.

Aug. 15, 1994.

Rehearing Denied Oct. 11, 1994.

P. Stephen Miller, Fort Wayne, for appellant.

Pamela Carter, Atty. Gen., Mary Dreyer, Deputy Atty. Gen., Indianapolis, for appellee.

### STATEMENT OF THE CASE

RATLIFF, Senior Judge (Retired).

Jack F. Bishop was convicted of operating a vehicle while intoxicated and while his driving privileges were suspended for being an habitual violator of traffic laws, a class D felony.[1] He appeals from the latter.

We reverse.

---

1. Ind.Code 9–30–10–16.

## ISSUES

I. Whether Ind.Code 9–30–10–16 is applicable to Bishop since his driving privileges were suspended under prior law?

II. Whether the evidence is sufficient to sustain his conviction?

## FACTS

The evidence reveals that the Bureau of Motor Vehicles determined Bishop to be an habitual traffic law violator in 1988 and, as a result, his driving privileges were suspended for ten years. On July 22, 1992, during an investigatory traffic stop, Bishop admitted to the police officer that he did not have a drivers license and instead produced an Indiana State identification card. The officer then determined through radio dispatch that Bishop's drivers license was suspended because the Bureau of Motor Vehicles had determined him to be an habitual traffic law violator. Thereafter, Bishop was transported to the police station to undergo sobriety testing and was subsequently arrested. A jury found him guilty of both operating a vehicle while intoxicated and operating a vehicle while his driving privileges were suspended for being an habitual traffic law violator.

## DECISION

After the Bureau of Motor Vehicles determined Bishop to be an habitual traffic law violator in 1988, it suspended his drivers license for ten years pursuant to the provisions found in the former I.C. 9–12–2. In 1991, the legislature repealed and replaced the laws pertaining to habitual traffic violators. The suspension provisions formerly found in I.C. 9–12–2 are now found in I.C. 9–30–10. Bishop was then convicted of operating a vehicle while his driving privileges were suspended pursuant to the current I.C. 9–30–10–16.

He now claims that because I.C. 9–30–10–16 is silent as to driving privilege suspensions under the former I.C. 9–12–2, his conviction cannot stand. Our resolution of Bishop's second issue obviates any need for us to decide this issue. However, we do note that our decision in *State v. McGill* (1993), Ind. App., 622 N.E.2d 239, settles this issue squarely against Bishop's contentions.

█ Bishop next claims the evidence is insufficient to support his conviction for operating a vehicle while his driving privileges were suspended for being an habitual traffic offender. Our standard of review for sufficiency of the evidence is well-settled. We will neither reweigh the evidence nor judge the credibility of witnesses. We examine only the evidence most favorable to the State along with all reasonable inferences to be drawn therefrom and, if there is substantial evidence of probative value to support the conviction, it will not be set aside. *Geans v. State* (1993), Ind.App., 623 N.E.2d 435, 437.

I.C. 9–30–10–16 provides in pertinent part:

(a) a person who operates a motor vehicle:

(1) while the person's driving privileges are suspended . . .; commits a class D felony.

█ There are three elements of the offense of operating a motor vehicle while suspended as an habitual traffic law violator. They are: 1) operating a motor vehicle; 2) while driving privileges are suspended; and 3) a showing that the defendant knew his driving privileges had been suspended as a result of having been determined to be an habitual traffic offender. *Stanek v. State* (1988), Ind.App., 519 N.E.2d 1263, 1266.

Bishop argues the State failed to establish the element of a valid suspension. Although Bishop concedes the evidence "supports a finding that some kind of notice was sent to Defendant informing him that he was suspended as a habitual traffic violator," he nevertheless contends his conviction should be reversed because there is no evidence as to the content of the notice and, specifically, whether it informed him that he could challenge the Bureau of Motor Vehicles' determination. Appellant's brief at 10. We agree.

The evidence on the element of a valid suspension consists of a certified copy of a computer print-out of Bishop's driving record from which the State published the following information to the jury: 1) Bishop's license status was habitual traffic law violator; 2) on May 10, 1988, the Bureau of Motor Vehicles mailed notice of that status to 11721 Winchester Road, Fort Wayne, Indiana, 46819; and 3) the effective date of the habitual traffic law violator status is June 23, 1988. Further, the State identified Bishop's date of birth as March 30, 1956, and his social security number. However, the record fails to reveal a copy of the notice which was apparently sent to Bishop informing him of his habitual traffic law violator status, and we are unable to infer the content of that notice from the information published to the jury. Thus, there is no evidence that the Bureau of Motor Vehicles sufficiently complied with the notice content requirements found in Ind. Code 9–30–10–5, which provides in pertinent part:

> (a) [t]he bureau shall mail notice to the person's last known address that informs the person that the person's driving privileges will be suspended in thirty (30) days because the person is a habitual violator according to the records of the bureau.

> (b) The notice must inform the person that the person may be entitled to relief ... or may seek judicial review of the person's suspension under this chapter.[2]

Proof of mailing the notice is an evidentiary prerequisite to proving that a suspension for being an habitual traffic law violator is valid. *Stanek, supra.* It logically follows that proof of the content of the notice mailed is an evidentiary prerequisite to a valid suspension. Because this evidentiary prerequisite does not appear in the record, the State has failed to establish the element of a valid suspension. Thus, the evidence is insufficient to sustain Bishop's conviction for operating a vehicle while his driving privileges were suspended for being an habitual traffic law violator. Therefore, we reverse and decline to address Bishop's remaining arguments with respect to the adequacy of the proof of notice mailing.

Reversed.

CHEZEM and FRIEDLANDER, JJ., concur.

---

**2.** The substantive notice provisions of I.C. 9–30–10–5 are essentially identical to those found in Ind.Code 9–12–2–1 which were in effect at the time Bishop's driving privileges were suspended in 1988.