Scott J. LOE, Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 25A05–9409–CR–363.

Court of Appeals of Indiana.

Aug. 23, 1995.

C. Richard Oren, Rochester, for appellant.

Pamela Carter, Attorney General, Mary Dreyer, Deputy Attorney General, Indianapolis, for appellee.

## OPINION

BARTEAU, Judge.

Scott Loe appeals his conviction following a jury trial of Driving While an Habitual Traffic Offender, a class D felony[1]. We reverse because the evidence is insufficient.

## DISCUSSION

Loe argues that the evidence is not sufficient to support his conviction because the State did not prove that the BMV sent notice of his suspended license to his last known address nor did the State prove that the notice allegedly sent was in compliance with due process requirements. Because we reverse, we address only the issue whether the State was required to prove the contents of the notice.

The BMV determined Loe was an habitual traffic offender on July 17, 1992 and sent notice to Loe of that determination on July 20, 1992. The effective date of the suspension was August 28, 1992, and the suspension was for ten years. Loe was operating a vehicle on April 30, 1993 when he was stopped for disregarding a stop light. He was subsequently charged with driving while suspended as an habitual traffic offender. The State introduced Loe's driving record maintained by the BMV, which showed that notice of the suspension had been mailed, but did not contain a copy of the notice, nor indicate the contents of the notice.

 An element of the offense of driving while suspended as an habitual traffic offender is a valid suspension. *Bishop v. State* (1994), Ind.App., 638 N.E.2d 1278, 1279, *reh'g denied; see also Banks v. State* (1991), Ind., 567 N.E.2d 1126. In *Bishop,* this court held that the State's failure to prove the contents of the notice sent to the defendant was a failure to prove the suspension was valid because there was no evidence the BMV complied with the notice requirements of Ind.Code 9–30–10–5.[2] 638 N.E.2d at 1280. Thus, the evidence was insufficient to support the defendant's conviction. *Id.*

The State argues that *Bishop* is not good law because the Supreme Court recently held that an entry in the BMV's record that a notice was sent to the defendant is sufficient to prove that the defendant had knowledge of the suspension. *Cruite v. State* (1994), Ind., 641 N.E.2d 1264. The State argues that the court in *Cruite* did not require the State to prove the contents of the notice sent. However, in *Cruite* the court was not faced with the issue whether the State must prove the contents of the notice sent by the BMV complied with I.C. 9–30–10–5. It was addressing only the narrow issue stated as:

> In a prosecution for operating a vehicle as an habitual traffic violator, when the defendant's driving record maintained by the Bureau of Motor Vehicles indicates that the BMV has sent him suspension notices on the basis of his habitual offender status, may that record by itself satisfy the State's initial burden of proving that the defendant knew of the suspension?

1. Indiana Code 9–30–10–16.

2. I.C. 9–30–10–5 provides, in relevant part:
 (a) ... the bureau shall mail a notice to the person's last known address that informs the person that the person's driving privileges will be suspended in thirty (30) days because the person is a habitual violator according to the records of the bureau.

 \* \* \* \* \* \*

 (c) The notice must inform the person that the person may be entitled to relief under section 6 of this chapter or may seek judicial review of the person's suspension under this chapter.

The court held that it may, establishing only that an indication in the BMV records that a notice was sent supports an inference that the defendant received notice of the suspension. Cruite did not argue that the evidence was insufficient to prove that the BMV sent him notice that complied in substance with I.C. 9–30–10–5.

The court in *Cruite* answered only the first question of what proof is sufficient to show *knowledge* of the suspension. But knowledge of the suspension alone does not make the suspension valid if the notice did not comport with the substantive requirements of I.C. 9–30–10–5. In *Bishop* the defendant conceded that the evidence was sufficient to support an inference that he had received notice of suspension, but argued that there was no evidence as to the content of the notice and, specifically, whether he had been informed that he could challenge the BMV's determination that he was an habitual traffic offender. The court in *Bishop* answered the next question of what proof is necessary to show the suspension was *valid* by giving the substantive notice required by I.C. 9–30–10–5. The court in *Bishop* held that proof of the content of the notice mailed is an evidentiary prerequisite to a valid suspension.

This case is on all fours with *Bishop* and we agree with the holding in *Bishop* that the State must prove the notice complied with I.C. 9–30–10–5 to prove the suspension was valid. It is well-established that the purpose of notice is to inform the interested party of the nature of the action and the opportunity to make a defense. *Matter of Binkley* (1978), 178 Ind.App. 301, 382 N.E.2d 952. It follows then that if the notice sent by the BMV fails to properly inform the defendant of the suspension and the defendant's rights to seek review, the suspension is not valid. *Bishop*, 638 N.E.2d 1278. The State must prove that the contents of the notice sent by the BMV comply with I.C. 9–30–10–5. *Id.* Here, the State did not present evidence that the BMV complied with the notice requirements of I.C. 9–30–10–5 and thus failed to prove the suspension was valid, an element of the offense.

Loe's conviction is REVERSED.

SULLIVAN, J., concurs with opinion.

RUCKER, J., concurs in Judge SULLIVAN'S concurring opinion.

SULLIVAN, Judge, concurring and is joined by RUCKER, Judge.

I agree that *Cruite v. State* (1994) Ind., 641 N.E.2d 1264, did not directly decide the issue before us. Notwithstanding contrary implications which may be drawn from *Cruite*, I find *Bishop v. State* (1994) Ind.App., 638 N.E.2d 1278, on point and clearly applicable.

The reversal here is also warranted by a separate and distinct failure of the notice to comply with I.C. 9–30–10–5. The statute requires the notice be sent to "the person's last known address". The record indicates that the July 20 mailing was sent to two of five addresses listed for Loe. It is not apparent from the record that either of those two addresses were Loe's last known address. For this reason alone, reversal is appropriate.

I concur.

RUCKER, J. joins in this opinion.