**Aaron COATS, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

No. 49A02–9709–CR–618.

Court of Appeals of Indiana.

June 18, 1998.

Rehearing Denied Sept. 10, 1998.

Patricia Caress McMath, Indianapolis, for Appellant–Defendant.

Jeffrey A. Modisett, Attorney General, K.C. Norwalk, Deputy Attorney General, Indianapolis, for Appellee–Plaintiff.

## OPINION

STATON, Judge.

Aaron Coats appeals his conviction following a jury trial for driving while privileges

suspended, a class A misdemeanor.[1] Coats raises two restated issues for our review:

I. Whether the trial court erred when it refused Coats' proposed jury instruction advising that, in a prosecution for operating a motor vehicle with a suspended license, the State must prove a defendant's knowledge of the suspension of his license.

II. Whether there is sufficient probative evidence to support Coats' conviction for driving while privileges suspended.

We affirm.

At approximately 8:30 p.m. on October 30, 1996, Coats borrowed his girlfriend's car to drive to a neighborhood convenience store in Indianapolis, Indiana. Police Officer Craig McElfresh observed Coats speeding on East 38th Street. As Coats sped through a residential area, the officer activated his emergency lights and pursued Coats. During the pursuit Coats drove over a sidewalk and into a yard, coming within six feet of a pedestrian. Continuing to drive erratically, Coats eventually struck a parked vehicle and crashed into a tree. He then fled on foot.

Coats was apprehended near a street pay phone. A computer check by Officer McElfresh confirmed that Coats' driver's license had been suspended. Coats was charged with Count I, resisting law enforcement,[2] and Count II, driving while privileges suspended. The jury found Coats guilty on both counts, but Coats appeals only the driving offense.

## I.

### *Jury Instruction*

█ Coats first contends that the trial court erred by refusing to give his Proposed Instruction No. 1 which reads:

> When prosecuting someone for operating a motor vehicle with a suspended license, the State must prove beyond a reasonable

doubt the defendant's knowledge of the suspension of his license.

Record at 63. Our review of a trial court's refusal of an instruction requires us to determine 1) whether the tendered instruction correctly states the law; 2) whether there is evidence in the record to support giving the instruction; and 3) whether the substance of the instruction is covered by other instructions. *Fields v. State,* 679 N.E.2d 1315, 1322 (Ind.1997). A defendant must demonstrate that his substantial rights have been prejudiced in order to obtain a reversal for a trial court's failure to instruct the jury. *Cliver v. State,* 666 N.E.2d 59, 67 (Ind.1996), *reh. denied.*

█ Here, Coats was charged with driving while privileges suspended as a class A misdemeanor pursuant to IC 9–24–18–5 which provides in part:

> [A] person who operates a motor vehicle upon a highway while the person's driving privilege, license, or permit is suspended or revoked commits a Class A infraction. However, if:
>
> (1) a person knowingly or intentionally violates this subsection; and
>
> (2) less than ten (10) years have elapsed between the date a judgment was entered against the person for a prior unrelated violation of this subsection or IC 9–1–4–52 (repealed July 1, 1991) and the date the violation described in subdivision (1) was committed;
>
> the person commits a Class A misdemeanor.

IC 9–24–18–5(a).[3] In order to convict a defendant under this section, the State is required to prove the defendant knew his driving privileges were suspended. *Id.*; *see State v. Keihn,* 542 N.E.2d 963, 968 (Ind. 1989) (construing IC 9–1–4–52, now repealed). Specifically, the required culpable mental state is that the driver knew or reasonably could have known that his privileges

---

**1.** IND.CODE § 9–24–18–5 (Supp.1995).

**2.** IND.CODE § 35–44–3–3 (1993).

**3.** Another panel of this court recently considered this statute and recognized that, in order for a suspension to be valid, notice must be sent.

"Therefore, because proof of mailing is the only way to establish the required notice, it must be considered to be an element of the crime itself." *Ashcraft v. State,* 693 N.E.2d 984, 987 (Ind.Ct. App.1998) (petition for rehearing denied June 9, 1998).

had been suspended. *Fields v. State,* 679 N.E.2d 898, 901 n. 4 (Ind.1997).[4] Accordingly, Coats' proposed instruction was in substance a correct statement of the law.

Given the State's burden of proving knowledge of the suspension, we need not analyze the evidentiary predicate for the instruction; therefore, we next consider whether the substance of the proposed instruction was covered by other instructions. Here, the court gave Preliminary Instruction No. 5 which purported to define the charged offenses. Under Count I, resisting law enforcement, the court explained that the State must prove the following elements:

1. The defendant
2. *knowingly*
3. fled from a law enforcement officer
4. after the officer had, by visible or audible means, identified himself
5. and ordered the defendant to stop.

Record at 51 (emphasis added). In the same instruction, the court defined Count II, driving while privileges suspended, as follows:

A person who operates a motor vehicle upon a highway while his driver's license is suspended and less than ten (10) years have elapsed between the date a judgment was entered against the person for a prior unrelated violation of this subsection and the date that this offense occurred commits Driving While Suspended, a Class A Misdemeanor.

In order to convict the defendant of Driving While Suspended under Count II, the State must prove the following elements:

1. The defendant
2. operated
3. a motor vehicle
4. on a public highway
5. while his driver's license was suspended
6. and less than ten (10) years have elapsed between the date a judgment was entered against the person for a

prior unrelated violation of this subsection and the date that this offense occurred.

If the State fails to prove each element of the offense beyond a reasonable doubt then you should find the defendant not guilty.

If the State proves each element of the offense beyond a reasonable doubt then you should find the defendant guilty of Driving While [S]uspended, a Class A misdemeanor.

Record at 52. Preliminary Instruction No. 5–A, given immediately following Instruction No. 5, defined the element "knowingly."

■ Instruction No. 5 fails to inform the jury that, to be convicted of the misdemeanor driving offense, Coats had to know his license was suspended. In that respect, the instruction is defective. Further, we are not persuaded by the State's argument that the defect was cured by Final Instruction No. 15 which re-defines "knowingly" and then explains "knowledge . . . is an essential element to be proven *herein* . . . ." Record at 76 (emphasis added). The trial court listed "knowingly" in the elements to be proven in resisting law enforcement but omitted that element from the definition of driving while privileges suspended. Accordingly, there was no nexus between the "knowledge" language in Instruction No. 15 and the driving offense. Given that Coats' proposed instruction was not covered by other instructions, the trial court erred when it refused it. However, our analysis does not end here. In order to gain reversal, Coats must also demonstrate that his substantial rights were prejudiced.

■ Coats concedes that at trial the State introduced Bureau of Motor Vehicle ("BMV") records showing that notice of his suspension had been mailed to him. He does not suggest the notice was improperly addressed. The Indiana Supreme Court recently pronounced that proof of mailing of notice to the

---

**4.** The defendant in *Fields* was charged with operating a motor vehicle as an habitual traffic offender under a separate statutory provision. *See* IC 9–30–10–16. However, the court cited *State v. Keihn,* 542 N.E.2d 963 (Ind.1989) which interpreted IC 9–1–4–52, a former version of the general statutory prohibition against driving while suspended. We presume the *Fields* court was aware of the current amended version of the statute, IC 9–24–18–5, and intended for the construction advanced to apply under the current statute as well.

last known address "suffices to show that the driver knew or reasonably could have known" of the suspension. *Fields,* 679 N.E.2d at 901.[5] Further, in 1990, Coats was convicted for driving while privileges suspended which also permits an inference of knowledge of the suspension. *Bates v. State,* 650 N.E.2d 754, 757–58 (Ind.Ct.App.1995). The State met its burden of establishing knowledge. Upon this record, we cannot say that Coats' substantial rights were prejudiced. Coats' claim of reversible error fails.

## II.

### *Evidentiary Sufficiency*

Coats next maintains there is insufficient evidence to support his conviction for driving while privileges suspended. Coats makes no constitutional due process claim but, instead, relies solely upon *Bishop v. State,* 638 N.E.2d 1278 (Ind.Ct.App.1994), *reh. denied,* for his contention that the State was required to show the notice of suspension mailed contained the "proper advisements."

In *Bishop,* the defendant was convicted of operating a motor vehicle while suspended as an habitual traffic violator under a separate statutory scheme. *See* IC 9–30–10–4; IC 9–30–10–16. The advisements enunciated in *Bishop* are found in Indiana Code § 9–30–10–5 (1993). The legislature has determined that, before the BMV may suspend a driver's license as an habitual traffic violator, it must mail notice of the suspension to the driver's last known address. IC 9–30–10–5(a). The notice must inform the driver that he may be entitled to administrative review through the BMV and that he may seek judicial review of the BMV's determination. IC 9–30–10–5(c); *Pebley v. State,* 686 N.E.2d 168, 170 (Ind.Ct. App.1997). The suspension takes effect thirty days after the BMV has mailed notice. IC 9–30–10–5(b).

Here, Coats was not charged as an habitual traffic violator. Rather, he was charged under IC 9–24–18–5, the general statutory prohibition against driving while privileges are suspended. *See Ashcraft v. State,* 693

N.E.2d 984, 987 n. 3 (Ind.Ct.App.1998) (petition for rehearing denied June 9, 1998). No court has held that the advisements enunciated in *Bishop* and described in IC 9–30–10–5, which largely concern a driver's status, must also be provided when a license is suspended under IC 9–24–18–5. Indeed, this court refused to require those advisements where the defendant was charged for driving while his privileges were forfeited for life under yet another statutory provision. *Cardwell v. State,* 666 N.E.2d 420, 423–24 (Ind.Ct.App. 1996) (in context of IC 9–30–10–17), *reh. denied, trans. denied.*

Under IC 9–24–18–5 which governs the case at bar, it was necessary for the State to show that Coats knowingly or intentionally operated a motor vehicle upon a highway while his driver's license was suspended and that less than ten years had elapsed from the date judgment was entered for a prior unrelated violation of the subsection to the date the present violation was committed. IC 9–24–18–5(a). Case law adds the requirement that the State prove mailing of notice of the suspension. *Ashcraft,* 693 N.E.2d at 987–88 (relying on *Fields,* 679 N.E.2d at 900–01).

■ No one disputes that Coats knowingly or intentionally operated the vehicle. As discussed previously, Coats also concedes that the BMV mailed the notice of his suspension. Proof of mailing the notice to Coats' last known address was necessary to demonstrate a valid suspension. It also demonstrated Coats knew or reasonably could have known of his suspension. Further, Coats was convicted on a similar offense in 1990, within the ten-year time frame. We conclude there is sufficient probative evidence to support Coats' conviction for driving while privileges suspended.

Affirmed.

DARDEN and RUCKER, JJ., concur.

---

5. The *Fields* court made clear that proof of mailing of notice is not necessary to establish knowledge. *Fields,* 679 N.E.2d at 901. For example, the State may prove a driver knew or reasonably could have known his license was suspended by

referring to other facts and circumstances surrounding the case. *Burdine v. State,* 510 N.E.2d 1385, 1389 (Ind.Ct.App.1987), *reh. denied, trans. denied.*