STATE of Indiana, Appellant,

v.

Gregory BOWENS, Appellee.

No. 49A04–9905–PC–239.

Court of Appeals of Indiana.

Jan. 14, 2000.

Jeffrey A. Modisett, Attorney General of Indiana, Randi E. Froug, Deputy Attorney General, Indianapolis, Indiana, Attorneys for Appellant.

Jeffrey A. Baldwin, Baldwin & Dakich, Indianapolis, Indiana, Attorney for Appellee.

## OPINION

SULLIVAN, Judge

Appellant, the State of Indiana (State), appeals the trial court's award of post-conviction relief to Appellee, Gregory Bowens (Bowens).

We affirm.

The facts most favorable to the judgment reveal that Bowens was charged with Robbery,[1] a class A felony, Attempted Murder,[2] a class A felony, and Confinement,[3] a class B felony. On August 29, 1984, Bowens submitted a specific discovery request for "Brady" evidence, which includes information about any offers or agreements made to the State's witnesses in exchange for cooperation or leniency. At Bowens' trial, Harry Young (Young) testified and implicated Bowens in the robbery. At the time of his testimony, Young was on parole and also had been charged with the same offense under a different cause number.

On September 21, 1984, Bowens was convicted of robbery, a class A felony, and

---

1. I.C. 35–42–5–1 (Burns Code Ed.Repl.1998).

2. I.C. 35–41–5–1, 35–42–1–1 (Burns Code Ed. Repl.1998).

3. I.C. 35–42–3–3 (Burns Code Ed.Repl.1998).

was sentenced to 40 years. Bowens was also found to be a habitual offender, and as a result was sentenced to an additional 30 years. Bowens appealed his conviction, and our Supreme Court affirmed the conviction, but remanded the habitual offender finding and the enhanced sentence for further proceedings. *See Bowens v. State* (1986) Ind., 496 N.E.2d 769. Upon remand, the trial court vacated the sentence enhancement.

On January 30, 1996, Bowens filed a petition for post-conviction relief, claiming among other things, that his conviction was the result of the State's failure to disclose agreements with the State's witnesses. Three days after Young testified at Bowens' trial, the charges pending against him were dismissed. Richard Plath (Plath) served as the Deputy Marion County Prosecutor for the cases pending against both Bowens and Young. During the preparation for post-conviction proceedings, an inter-office memorandum written by Plath to his supervisor was discovered. In this memorandum, Plath wrote that Young was "owned by me" and that he intended to "nolle his case eventually." Record at 160. Also, at Young's pre-trial conference in 1984, Plath stated, "I'm sure that ultimately this case will be disposed of to Mr. Young's satisfaction." Record at 173.

On January 12, 1999, the post-conviction court issued findings of fact and conclusions of law, granting Bowens' petition and vacating his conviction. On January 27, 1999, the State filed a Motion to Correct Errors which was denied on February 17, 1999.

■ Upon appeal, the State contends that the lower court's award of post-conviction relief to Bowens was clearly erroneous. When the State appeals an award of post-conviction relief, we apply the standard of review prescribed in Ind. Trial Rule 52(A) which states that we will "not set aside the findings or judgment unless clearly erroneous." Thus, we will neither reweigh the evidence nor judge the credibility of witnesses, and will only consider the evidence that supports the judgment and the reasonable inferences to be drawn from that evidence. *Spranger v. State* (1995) Ind., 650 N.E.2d 1117, 1119, *reh'g denied*. The judgment of the post-conviction court will be affirmed if "there is *any* way the [post-conviction] court could have reached its decision." *Id.* at 1120. (Original emphasis).

The State maintains that the post-conviction court committed clear error when it found that the State failed to disclose evidence of an agreement with Young who testified at Bowens' trial, and that this suppression denied Bowens' due process rights. In *Brady v. Maryland* (1963) 373 U.S. 83, 87, 83 S.Ct. 1194, 1196–97, 10 L.Ed.2d 215, the United States Supreme Court established that "the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." The Indiana Supreme Court later noted that the function of the prosecution is to insure justice, "not to procure convictions at any cost." *Birkla v. State* (1975) 263 Ind. 37, 41, 323 N.E.2d 645, 648, *cert. denied.*

■ The duty of the State to disclose evidence favorable to the accused extends to evidence of any understanding or agreement made in exchange for testimony when the prosecution is relying upon the testimony of a felon witness. *Id.; Ferguson v. State* (1996) Ind.App., 670 N.E.2d 371, 374, *trans. denied.* This evidence must be disclosed to the jury because the credibility of a felon witness is highly suspect, and the jury must be allowed to assess the possible interest the witness might have in testifying. *Newman v. State* (1975) 263 Ind. 569, 334 N.E.2d 684.

■ To establish a "Brady" violation, therefore, a petitioner must prove that the prosecution suppressed evidence favorable to his defense, and that the suppressed

evidence was material. *Rowe v. State* (1999) Ind.App., 704 N.E.2d 1104, *trans. denied.* Here, Bowens introduced evidence which led the post-conviction court to infer that an agreement did exist between the prosecution and Young. The comments made by Plath in an interoffice memorandum that he "owned" Young and that he would eventually dismiss the charges against Young indicate that Plath had an agreement with Young that the charges would be dismissed if Young testified at Bowens' trial. The statement made by Plath at Young's pre-trial conference that the case would be resolved to Young's satisfaction further supports evidence of an agreement. These comments, taken together with Young's charges being dismissed three days after he gave testimony at Bowens' trial, support the post-conviction court's finding that an agreement existed.

Further, the prosecution's suppression of this evidence was material because the jury was denied the opportunity to evaluate Young's testimony in light of the undisclosed agreement that the charges pending against him relating to the same offense would be dismissed in exchange for his testimony. "The jury's estimate of the truthfulness and reliability of a witness may well be determinative of guilt or innocence, and it is upon such subtle factors as the possible interest of the witness in testifying falsely that a defendant's life or liberty may depend." *Lewis v. State* (1994) Ind.App., 629 N.E.2d 934, 937–38. The trial court's award of post-conviction relief to Bowens, therefore, was not clearly erroneous.

The judgment is affirmed.

GARRARD, J., and BAILEY, J., concur.