**STATE of Indiana, Appellant–
Respondent,**

v.

**Willie Virginia HAMMOND,
Appellee–Petitioner.**

No. 41A04–0003–PC–126.

Court of Appeals of Indiana.

Oct. 23, 2000.

Rehearing Denied Jan. 4, 2001.

Karen M. Freeman–Wilson, Attorney General of Indiana, Adam M. Dulik, Deputy Attorney General, Indianapolis, Indiana, Attorneys for Appellant.

J.J. Paul, III, Mitchel P. Chabraja, Indianapolis, Indiana, Attorneys for Appellee.

**OPINION**

RILEY, Judge

### STATEMENT OF THE CASE

Appellant–Respondent, State of Indiana (State), appeals the trial court's grant of Appellee–Petitioner's, Willie Virginia Hammond (Hammond), Verified Petition for Post–Conviction Relief.

We affirm.

### ISSUE

The State raises one issue on appeal: whether the trial court erred in granting Hammond's Verified Petition for Post-Conviction Relief in that Hammond had previously pled guilty to driving after having been adjudged an habitual traffic violator (HTV); Ind.Code § 9–30–10–16.

### FACTS AND PROCEDURAL HISTORY

On March 16, 1997, Officer Kelly Browning of the Franklin Police Department stopped Hammond while she was driving a car in Johnson County, Indiana. At the time of her arrest, Hammond's driver's license was suspended because the Bureau of Motor Vehicles (BMV) had adjudged her to be an HTV. On January 13, 1998, Hammond pled guilty to driving while being adjudged an HTV. Hammond testified that she was driving on March 16, 1997, and that she knew that her license was suspended on that date.

On June 16, 1999, Hammond filed her Verified Petition for Post–Conviction Relief, which she amended on July 27, 1999. Hammond alleged ineffective assistance of counsel for failure to ascertain whether the BMV's notice of suspension met the statutory requirements, lack of a factual basis supporting her guilty plea due to the BMV's failure to provide adequate notice of her HTV adjudication, and that the jurat on the BMV's notice was invalid.

On August 2, 1999, the Marion County Circuit Court, upon Hammond's statutory Petition for Judicial Review, found that the notice sent by the BMV pursuant to Ind. Code § 9–30–10–5 was insufficient to support her suspension as an HTV. The court ·ordered the BMV to vacate Hammond's HTV suspension from the date it would have taken effect, May 2, 1996. Since the court's ruling, the State has not challenged the sufficiency of the notice sent by the BMV.

Finally, the post-conviction court found that the Marion County Circuit Court ordered the BMV's suspension removed from Hammond's record because the suspension was invalid. The court also concluded that, if Hammond was not, in fact, properly suspended on March 16, 1997, the

factual basis for her guilty plea was invalidated. Thus, Hammond's Verified Petition for Post–Conviction Relief was granted. This appeal followed.

## DISCUSSION AND DECISION

### Standard of Review

■ When the State appeals an award of post-conviction relief, we apply the standard of review prescribed in Ind. Trial Rule 52(A) which states that we will "not set aside the findings or judgment unless clearly erroneous." *State v. Bowens,* 722 N.E.2d 368, 369 (Ind.Ct.App. 2000). Therefore, we will neither reweigh the evidence nor judge the credibility of witnesses, and will only consider the evidence that supports the judgment and the reasonable inferences to be drawn from that evidence. *Id.* The judgment of the post-conviction court will be affirmed if "there is any way the [post-conviction] court could have reached its decision." *Id.* (quoting *Spranger v. State,* 650 N.E.2d 1117, 1120 (Ind.1995)).

### Valid License Suspension

■ The State appeals the trial court's grant of Hammond's Verified Petition for Post–Conviction Relief. Specifically, the State contends that Hammond's guilty plea was valid because it was supported by a factual basis; and the trial court erred in granting her Verified Petition for Post–Conviction Relief. A factual basis exists when there is evidence about the elements of the crime from which a court could reasonably conclude that the defendant is guilty. *Butler v. State* 658 N.E.2d 72, 77 (Ind.1995).

The State primarily relies on *Stewart v. State,* 721 N.E.2d 876 (Ind.1999). In *Stewart,* our supreme court analyzed the case law regarding license suspensions and the mens rea required to convict a defendant of driving after having been adjudged an HTV. The court disapproved of many of the cases handed down by this court in which we held that if the statutory due

process notice requirements were not met in a license suspension procedure, the suspension was not valid. *Id.* at 880. Specifically, our supreme court analyzed *Pebley v. State,* 686 N.E.2d 168, 170 (Ind.Ct.App. 1997), where this court held that proof of a valid suspension was a condition precedent to a conviction for driving after having been adjudged an HTV. *Stewart,* 721 N.E.2d at 880.

In *Stewart,* the court held that in order to sustain a conviction of driving after having been adjudged an HTV, the State is required to prove: (1) the act of driving, (2) after a license suspension or an HTV adjudication, and (3) a showing of mens rea that the defendant knew or reasonably could have known that his driving privileges had been suspended as a result of having been determined to be an HTV. *Id.* at 879. The court further held that a driver who knows of his suspension and still drives, commits the act which our legislature has made a criminal offense. *Id.*

In *Stewart,* our supreme court noted that a failure in the BMV notification process might afford a driver certain remedies in the administrative process or in court. *Id.* However, as previously stated, the court's final conclusion was that a driver who knows of his suspension and still drives, commits the act which our legislature has made a criminal offense. *Id.*

■ In the present case, the State asserts that a factual basis for Hammond's guilty plea has been established through her own testimony. At her plea hearing, Hammond testified that she was driving a car on March 16, 1997, when she was pulled over for speeding by Officer Browning. Hammond also testified that she knew that her driver's license was suspended on the day of her arrest, and that the BMV had adjudged her an HTV. Therefore, the State maintains that by proving that Hammond drove after having been adjudged an HTV, and that she knew

about her status, the State established a factual basis for Hammond's guilty plea.

The State presents a strong argument. However, it must be noted that *Stewart* was handed down on December 30, 1999. All of the events prior to and including the grant of Hammond's Verified Petition for Post–Conviction Relief occurred on or before December 6, 1999. Thus, *Stewart* was not the relevant case law at the time.

At the time of Hammond's arrest for driving while being adjudged an HTV, Ind. Code § 9–30–10–16 read:

A person who operates a motor vehicle: (1) while the person's driving privileges are suspended under this chapter or IC 9–12–2 (repealed July 1, 1991); or . . . commits a Class D Felony.

Several cases had interpreted Ind.Code § 9–30–10–16 to require a valid suspension. In *Loe v. State*, 654 N.E.2d 1157, 1158 (Ind.Ct.App.1995), this court held that an element of the offense of driving while suspended as an habitual traffic offender is a valid suspension. In *Pebley*, 686 N.E.2d at 170, we again held that a necessary element of the crime of driving while suspended is that a defendant's driver's license be validly suspended.

The trial court relied upon the relevant case law at the time of the grant of Hammond's Verified Petition for Post–Conviction Relief. It had been determined that there was no valid suspension. Therefore, Hammond could not be convicted of driving after having been adjudged an HTV. This court cannot find that the trial court's grant of Hammond's Verified Petition for Post–Conviction Relief was clearly erroneous because her license was not validly suspended.

Furthermore, this court cannot find that the trial court's grant of Hammond's Verified Petition for Post–Conviction Relief was clearly erroneous in light of our supreme court's holding in *Stewart*. Since *Stewart* has been handed down, our legislature has amended Ind.Code § 9–30–10–16 to read as follows:

(a) A person who operates a motor vehicle:

(1) while the person's driving privileges are validly suspended under this chapter or IC 9–12–2 (repealed July 1, 1991) and the person knows that the person's driving privileges are suspended; or . . .

commits a Class D felony.

The legislature's amendment to this statute is a clear response to the supreme court's holding in *Stewart*. As previously mentioned, in several cases prior to *Stewart*, it has been held that an element of the offense of driving while suspended as an HTV is a valid suspension. *Loe*, 654 N.E.2d at 1158.

Generally, the statute to be applied when arriving at the proper criminal penalty should be the one in effect at the time the crime was committed. *Bell v. State*, 654 N.E.2d 856, 858 (Ind.Ct.App. 1995). However, there is an exception to this general rule. This exception, termed the doctrine of amelioration, states that "a defendant who is sentenced after the effective date of a statute providing for more lenient sentencing is entitled to be sentenced pursuant to that statute rather than the sentencing statute in effect at the time of the commission or conviction of the crime." *Id.* (quoting *Lunsford v. State*, 640 N.E.2d 59, 60 (Ind.Ct.App.1994)). The legislature's amendment to Ind.Code § 9–30–10–16 which previously did not include the word validly in front of the word suspended when discussing a person who operates a motor vehicle while that person's driving privileges are suspended is ameliorative in nature. The amended statute does not make the sentence necessarily more lenient. However, it does reaffirm the previous case law which required a valid suspension of driving privileges; and, therefore, a more difficult burden than simply showing a suspension of driving privileges. Thus, the doctrine of amelioration is appropriately applied in the present case.

 It is necessary to discern the legislature's intention regarding the addition of the term validly as used in the amended version of Ind.Code § 9–30–10–16. Determining legislative intent is foremost in construing any statute and, wherever possible, this court will give deference to that intent. *Tedlock v. State*, 656 N.E.2d 273, 276 (Ind.Ct.App.1995). Furthermore, the legislature's amendment of a statute is indicative of the legislature's intent at the initial enactment of the statute. *Id.*

We have no hesitation in concluding that our legislature's 2000 amendment to Ind. Code § 9–30–10–16 which added the word validly was intended to clarify, and not to change, the previous version of this statute. The case law prior to *Stewart* held that a necessary element of the crime of driving while suspended was that a defendant's driver's license be validly suspended. *Pebley*, 686 N.E.2d at 170. Rather than focusing on whether the defendant's driver's license was validly suspended, the court in *Stewart* held that a driver who knows of his suspension and still drives, commits the act which our legislature has made a criminal offense. *Stewart*, 721 N.E.2d at 879. In response, our legislature amended the statute to clarify its intention that the suspension must be valid in order to be convicted of driving while being adjudged an HTV.

The Marion County Circuit Court, upon Hammond's statutory Petition for Judicial Review, found that the notice sent by the BMV pursuant to Ind.Code § 9–30–10–5 was insufficient to support her suspension as an HTV. The State has not challenged the sufficiency of the notice sent by the BMV. Thus, the trial court correctly concluded that, if Hammond was not, in fact, properly suspended on March 16, 1997, the factual basis for her guilty plea was invalidated. Consequently, this court cannot find that the trial court's grant of Hammond's Verified Petition for Post–Conviction Relief was clearly erroneous at the time of the grant or in light of our supreme court's holding in *Stewart*.

*CONCLUSION*

Based on the foregoing, we conclude that the trial court did not err in granting Hammond's Verified Petition for Post–Conviction Relief.

We affirm.

BAILEY, J., and BARNES, J., concur.