Ray BUSH, Petitioner–Appellant,

v.

Wayne SHAFTER, Madison County Adult Probation, Respondent–Appellee.

No. 01–2005.

United States Court of Appeals, Seventh Circuit.

Argued Dec. 7, 2001.

Decided Jan. 15, 2002.

Before FLAUM, Chief Judge, MANION, DIANE P. WOOD, Circuit Judges.

## ORDER

Ray Bush was convicted of child molestation by an Indiana state trial court. His conviction was affirmed on direct appeal, but an Indiana trial court later vacated his conviction on a post-conviction petition, concluding that inadmissible evidence presented to the jury violated Bush's rights under the federal and Indiana constitutions. However, on appeal, the Indiana appellate court reversed, reinstating Bush's conviction, and the Indiana Supreme Court denied his petition to transfer. Bush then filed a petition for habeas corpus relief in federal district court, which was denied. Bush appeals, and we affirm.

## I.

On May 6, 1994, Ray Bush was found guilty by an Indiana jury of molesting his eight-year-old step-granddaughter. Bush was approximately 74 years old at the time of the allegations giving rise to the conviction. On June 8, 1994, Bush was sentenced to eight years in prison and fined $10,000.00. His conviction was affirmed on direct appeal and the Indiana Supreme Court denied his petition for transfer. Bush then petitioned an Indiana trial court for post-conviction relief, arguing that his sentence was imposed "in violation of the Constitution of the United States and the Constitution and Laws of the State of Indiana." The trial court granted his post-conviction petition on the ground that, in light of recent Indiana Supreme Court precedent, the first trial court had committed reversible error in allowing expert testimony regarding Child Sexual Abuse Ac-

commodation Syndrome ("CSAAS"), which relates to the "grooming" process by which pedophiles condition their victims to succumb to their sexual advances and be reluctant to report the abuse. *See Steward v. State*, 652 N.E.2d 490, 499 (Ind.1995) (holding that while evidence regarding CSAAS could be admissible to explain unexpected behavior of a child victim, it was not admissible to prove actual abuse). The trial court explicitly held that the admission of the CSAAS testimony violated "the Constitution of the United States and the Constitution of the State of Indiana" in overturning Bush's conviction. However, neither the opinion nor Bush's petition elaborated on the exact nature of the federal constitutional violation, beyond a reference in his petition to "due process." The trial court rejected Bush's other ground for relief, that the State withheld *Brady* evidence. *See Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963) (failure to disclose exculpatory evidence to accused violates due process rights).

The State appealed, arguing that the expert's testimony was properly admissible under Indiana law, or, in the alternative, that its admission was harmless. Bush cross-appealed the post-conviction court's order denying relief on his *Brady* claim. On June 24, 1999, the Indiana Court of Appeals reversed the post-conviction trial court, reinstating Bush's conviction and rejecting Bush's cross-appeal. The Court of Appeals held that the expert's testimony was admissible under Indiana law to explain the child victim's behavior on the witness stand, and that even if it were not, the impact did not affect Bush's substantial rights, given the independent, corroborating evidence of his guilt. The Indiana Supreme Court denied Bush's subsequent petition for transfer.[1]

---

1. Bush also sought a writ of mandamus for

his immediate release in the Supreme Court

Next, Bush filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 in federal district court on several grounds. Specifically, he alleged that he was deprived of due process when the trial court admitted the CSAAS evidence, and that the state post-conviction appellate court violated his due process rights by treating him as if he were the appellant, rather than the appellee, by applying the wrong standard of review.[2] The district court concluded that Bush had not fairly presented the federal nature of his claims to the state courts, and instead had relied solely on state law grounds. Therefore, the district court held that he waived those claims for federal habeas purposes. Additionally, the district court concluded that Bush's due process claim premised on the standard of review utilized by the post-conviction appellate court was not cognizable in a federal habeas proceeding and, even if it were, Bush had failed to demonstrate that the Indiana appellate court had unreasonably applied federal law. Bush appeals.

## II.

■■■ A federal court may only grant habeas relief if the petitioner shows that he is in custody in "violation of the Constitution or laws ... of the United States." 28 U.S.C. § 2254(a). A defendant may only obtain habeas relief from a state court conviction where he establishes that the state court adjudication "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based upon an unreasonable determination of the

facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). Additionally, a district court may not grant habeas corpus relief unless the petitioner has exhausted his state court remedies. See 28 U.S.C. § 2254(b)(1)(A). To do so, one must present "fully and fairly his federal claims to the state courts ...." Chambers v. McCaughtry, 264 F.3d 732, 737 (7th Cir. 2001). Fair presentment "requires the petitioner to give the state courts a meaningful opportunity to pass upon the substance of the claims later presented in federal court.... The petitioner must have placed both the operative facts and the controlling legal principles before the state courts." Id. at 737–38 (internal citations omitted). Failure to do so "constitutes a procedural default," id. at 737, which bars federal review unless the petitioner demonstrates cause for the default and actual prejudice as a result of the violation, or demonstrates that the failure to consider the claims will result in a fundamental miscarriage of justice. See Rodriguez v. Scillia, 193 F.3d 913, 917 (7th Cir.1999).

■■■ Given these principles governing a request for habeas corpus relief, we turn to Bush's claims. First, we consider Bush's claim that the Indiana trial court wrongly admitted CSAAS testimony. Generally, evidentiary questions do not give rise to federal habeas relief, see Estelle v. McGuire, 502 U.S. 62, 72, 112 S.Ct. 475, 116 L.Ed.2d 385 (1991), although if the ruling is so prejudicial that it violates fundamental due process, a federal claim may arise. Id. However, before determining whether this evidentiary ruling reached this level, we must first determine

---

of Indiana, which that court issued on November 17, 1999. Accordingly, on November 18, 1999, an Indiana trial court ordered Bush released from custody and placed him on probation for the remainder of his sentence.

2. Bush set forth other arguments which are not on appeal and, therefore, we need not discuss them further.

whether Bush fairly presented the federal nature of this claim to the state courts because, if he did not, he has defaulted the claim. In doing so, we look to Bush's arguments as reflected in his state court filings.

We have reviewed all of the briefs which Bush submitted to the state courts. On direct appeal, in his brief to the Indiana Court of Appeals, Bush never mentioned a federal claim, and the appellate court's decision upholding the sentence and conviction is based entirely on Indiana law. Similarly, his petition to transfer to the Supreme Court of Indiana makes no reference to a federal claim. As we have noted, in his post-conviction brief to the trial court, Bush claimed, without further elaboration or reliance on case law, that the admission of the testimony violated his right to due process and that his sentence was imposed "in violation of the Constitution of the United States and the Constitution and Laws of the State of Indiana." In granting him post-conviction relief, the trial court held that the admission of the CSAAS testimony violated "the Constitution of the United States and the Constitution of the State of Indiana." However, when the State appealed the trial court's decision granting Bush post-conviction relief, he did not discuss a federal claim. Rather his appellate brief related solely to his *Brady* arguments and his responses to the State's appeal. The appellate court's decision reversing the trial court also made no reference to the alleged federal constitutional violation. In his post-conviction petition to transfer to the Supreme Court of Indiana, Bush made no mention of a federal constitutional violation, but instead merely asked the court to "summarily affirm the judgment of the post-conviction court." Thus, Bush's only explicit mention of a federal claim to any Indiana court was a fleeting reference in his post-conviction brief to the state trial court. At no other time, whether on direct appeal or during post-conviction proceedings, did he refer to a federal constitutional violation. A "mere 'passing reference' to a constitutional issue certainly does not suffice." *Chambers*, 264 F.3d at 738. Generally, a petitioner must do more than merely refer to a constitutional provision, but instead must make some argument about why his conviction violates the federal constitution, citing relevant case law and the operative facts forming the basis for the violation. *Id.*

Bush argues that, however fleeting the reference, he obviously presented the claim to the state trial court because the court itself explicitly held that the admission of the CSAAS testimony violated the federal Constitution. He further argues that he also fairly presented the claim to the state appellate court because, as the appellee having won below, he was not even required to file a brief in order to prevail. However, regardless of whether, given the trial court's holding, this particular passing reference is sufficient, or whether, because of the unique procedural posture of the case, Bush properly presented his claim to the Indiana Court of Appeals, our review of the briefs clearly reveals that he did not preserve his claim before the Indiana Supreme Court. The United States Supreme Court has clearly stated that Section 2254(c) requires a habeas petitioner to seek discretionary review in a State's highest court, where such review is available, to preserve a claim for federal habeas review. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999). Such discretionary review is available in the Indiana Supreme Court, and because Bush did not raise this federal claim before that court, we find that he has defaulted it.

In response, Bush attempts to distinguish *O'Sullivan*, which involved an Illinois

appeal, by arguing that, under Indiana law, if the Indiana Supreme Court grants a petition to transfer, it addresses the issues in the appeal as if it had been originally filed in the Supreme Court and had bypassed the appellate court altogether. *See* Ind.App. Rule 11(B)(3). Bush reasons that since he presented a federal claim at the trial level, as evidenced by that court's holding, in reviewing his case the Indiana Supreme Court would be obliged to review all of the issues presented to the trial court, including the federal claim, regardless of whether he specifically referenced it in his petition to transfer. This, according to Bush, is because if the Indiana Supreme Court grants the petition to transfer, the intermediate appellate court decision is vacated and "held for naught." *See* Ind.App. Rule 11(B)(3). In contrast, when the Illinois Supreme Court grants a petition for leave to appeal, it directly reviews the decision of the lower appellate court. Accordingly, Bush argues, the litigant presenting a petition to transfer to the Indiana Supreme Court automatically raises any issues presented to the state trial court. As such, he contends that he did in fact present a federal constitutional claim to the Indiana Supreme Court.

We find this argument unavailing. *O'Sullivan* makes clear that to preserve a federal claim for habeas review, a state defendant must seek review by the state's highest court, and "fairly present" the federal nature of his claim to that court. *O'Sullivan,* 526 U.S. at 845, 119 S.Ct. 1728 ("state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process."). While *O'Sullivan* did involve an Illinois defendant, we have applied this principle in the context of a defendant seeking habeas review from a conviction in Indiana state court. *See, e.g., Hough v. Anderson,* 272 F.3d 878, 892 (7th Cir.2001) (petitioner's failure to present issue to Indiana Supreme Court constituted procedural default). Merely filing a petition to transfer, without any mention of the federal nature of a claim, fails to "fairly present" a federal claim for review. The fact that Bush prevailed in the trial court does not absolve him of his responsibility to fairly present a federal claim to the Indiana Supreme Court by placing the controlling law and operative facts before that court. Surely, the Indiana Supreme Court could have raised such an issue *sua sponte* (or by reviewing the trial court's decision), and, if we accept Bush's characterization of Indiana law, it may even have been obligated to review all of the issues set forth in the trial case. But as we have noted, for federal habeas purposes, fair presentment requires the *petitioner* to place the issue before the state court in order to unequivocally give the court a "meaningful opportunity to pass upon the substance of the claims ...." *Chambers,* 264 F.3d at 737. Accordingly, Bush defaulted his claim by failing to alert the Indiana Supreme Court to the federal constitutional claim he seeks to present before us today. Bush does not argue a cause for his default, nor does he maintain that a fundamental miscarriage of justice will occur, and therefore his claim for habeas relief based on the admission of CSAAS testimony is barred. *Rodriguez,* 193 F.3d at 917.

Bush's remaining claim is that the state post-conviction appellate court violated his due process rights by treating him as the appellant, rather than the appellee, after he had prevailed at the trial court level. Bush argues that the appellate court applied the standard of review for direct appeals, rather than for an appeal of an order granting post-conviction relief. Specifically, Bush argues that, in reaching its conclusion, the court improperly reweighed

evidence, instead of deferring to the post-conviction court's findings of fact, as required by the clear error standard of review for post-conviction relief. *See State v. Bowens,* 722 N.E.2d 368, 369 (Ind.Ct. App.2000) (reviewing court will "not set aside the findings or judgment unless clearly erroneous") (citing Ind. Trial Rule 52(A)). He argues that the appellate court should have affirmed the judgment of the post-conviction trial court if there is any way that court could have reached the conclusion it did. *Spranger v. State,* 650 N.E.2d 1117, 1120 (Ind.1995).

■ Contrary to Bush's position, our own review of the Court of Appeals' opinion reveals that the court recited and applied the proper standard of review and deferred to the trial court's findings of fact. The appellate court determined that the trial court had erred in its legal conclusion that Indiana Supreme Court's decision in *Steward* completely precluded the admission of the CSAAS testimony, noting that such evidence was admissible to explain certain behavior of the child victim. In any case, federal habeas relief "is not a remedy for errors of state law." *Montgomery v. Meloy,* 90 F.3d 1200, 1206 (7th Cir.1996). Unless the state collateral review procedure "violates some independent constitutional right," *id.,* even if the appellate court violated its own standard of review, that error alone would not be cognizable in a federal habeas proceeding. We have already determined that Bush defaulted his claim that the Indiana courts violated an independent, federal constitutional right based on an improper evidentiary ruling. For the same reason, Bush defaulted any claim that the review process violated such a right. *See Jackson v. Duckworth,* 112 F.3d 878, 880 (7th Cir.

1997) (petitioner's undeveloped argument that state's conduct in collateral proceedings violated equal protection did not constitute cognizable constitutional claim). Therefore, Bush has not set forth a cognizable claim for review on the basis that the state appellate court applied the wrong standard of review.

## III.

Accordingly, based on the foregoing reasons, we affirm the decision of the district court.