Dennis **CARDWELL**, Appellant–Defendant,

v.

**STATE** of Indiana, Appellee–Plaintiff.

No. 34A05–9511–CR–458.

Court of Appeals of Indiana.

June 4, 1996.

Rehearing Denied Aug. 8, 1996.

Transfer Denied Oct. 10, 1996.

Dennis Cardwell, Westville, Pro se.

Pamela Carter, Attorney General, Randi F. Elfenbaum, Deputy Attorney General, Indianapolis, for Appellee.

## OPINION

BARTEAU, Judge.

Dennis Cardwell appeals pro se his convictions of driving while suspended as a habitual traffic offender, a Class C felony,[1] and resisting law enforcement, a Class A misdemeanor,[2] raising five issues:

1. Whether the trial court erred in denying Cardwell's motion to suppress evidence resulting from an unlawful seizure?

2. Whether Cardwell was erroneously charged and convicted as a habitual offender?

3. Whether the trial court erroneously used facts that comprised elements of the offense as aggravating circumstances?

4. Whether Cardwell received effective assistance of counsel?

5. Whether the evidence was sufficient to support Cardwell's conviction of driving while suspended?

We affirm in part and reverse in part.

### FACTS

Viewed most favorably to the State, the facts show that on the evening of May 20, 1994, Captain Mark Fisher, of the Howard County Sheriff's Department, was driving down the street and noticed a vehicle approaching from the rear at a very fast speed. The vehicle followed closely behind Fisher for a short distance and then backed off. When the vehicles approached an intersection where the light was red, Fisher brought his car to a stop in the right hand lane. The vehicle behind him was in the left hand turn lane and stopped short of the intersection such that Fisher could not see the occupants. Fisher backed up along side the vehicle and asked the driver if he were in a hurry. The driver did not respond until his passenger told him the officer was talking to him. At that point the driver stated, "No, Sir." Fisher then asked the driver if he had been drinking and the driver said, "No, Sir." The light then turned and Fisher instructed the driver to proceed through the light. The

---

1. Ind.Code § 9–30–10–17 (West Supp.1995).

2. Ind.Code § 35–44–3–3 (West Supp.1995).

driver turned left and proceeded. Because of traffic, Fisher was not able to follow behind the vehicle; he had to proceed straight through the light and turn left at the next street to catch up with the vehicle. Fisher spotted the vehicle after a few blocks and followed it into a parking lot. The vehicle stopped and as Fisher approached in his car, the occupants got out of the truck and ran away. Fisher, still in his car, identified himself as the police and yelled for them to stop. The two men continued to run and Fisher was able to follow the driver, eventually apprehending him.

Fisher then identified the driver as Cardwell from the identification in Cardwell's wallet. Another officer arrived at the scene and informed Fisher that Cardwell's driver's license had been suspended for life.

### MOTION TO SUPPRESS

██ Cardwell argues that the police officer unlawfully stopped him, and thus any evidence of driving while suspended or resisting law enforcement was not admissible because it was obtained unlawfully. Initially, we note that the ruling on a pre-trial motion to suppress is not intended to serve as the final expression concerning admissibility, and objection must be made when the evidence is offered at trial to preserve error. *Carpenter v. State,* 177 Ind.App. 161, 378 N.E.2d 908 (1978). Cardwell did not object at trial when the evidence gathered pursuant to the stop was admitted. However, Cardwell avoids this pitfall on appeal by arguing that his trial counsel was ineffective for failing to object.

██ Police may, without probable cause to make an arrest and under appropriate circumstances, stop a vehicle to briefly investigate the possibility of criminal activity. *Platt v. State,* 589 N.E.2d 222, 225 (Ind.1992); *Russell v. State,* 519 N.E.2d 549, 551 (Ind. 1988); *State v. Nesius,* 548 N.E.2d 1201, 1203 (Ind.Ct.App.1990). Appropriate circumstances are shown when the police officer can point to "specific and articulable facts which, when considered together with the rational inferences drawn from those facts, create a reasonable suspicion of criminal conduct on the part of the vehicle's occupants." *Nesius,* 548 N.E.2d at 1203. "Reasonable suspicion entails some minimum level of objective justification for making a stop—that is, something more than an inchoate and unparticularized suspicion or 'hunch,' but considerably less than proof of wrongdoing by a preponderance of the evidence." *Luster v. State,* 578 N.E.2d 740, 743 (Ind.Ct.App.1991) (citing *United States v. Sokolow,* 490 U.S. 1, 109 S.Ct. 1581, 104 L.Ed.2d 1 (1989)).

In *Platt,* a sheriff's deputy saw a vehicle parked on the opposite side of the road and turned around to investigate. As he pulled in behind the stopped vehicle, the lights on the stopped vehicle came on and the vehicle sped away, throwing gravel from the berm behind it. The deputy followed the vehicle for about one quarter of a mile before the vehicle pulled over to the side of the road. The driver of the vehicle was arrested after the deputy detected a strong odor of alcohol and gave the driver a breathalyser test. The driver was later convicted of operating a motor vehicle while intoxicated and operating a motor vehicle with a BAC of .10% or more. Our supreme court held that grounds existed for a reasonable suspicion based solely on the fact that the driver fled with great haste when the deputy pulled up behind him. 589 N.E.2d at 226.

Likewise, here, grounds existed to stop Cardwell when he fled from his vehicle as Fisher approached it in the parking lot. Although Cardwell focuses on whether grounds existed for a stop at the time Fisher first spoke to Cardwell, Fisher did not initiate a stop until Cardwell began to run from the truck. And, according to the rule from *Platt,* Cardwell's act of running from Fisher gave Fisher grounds for a reasonable suspicion that Cardwell was engaged in a criminal activity.

The trial court did not err in denying Cardwell's motion to suppress and admitting the evidence obtained as a result of Fisher's seizure of Cardwell.

### HABITUAL OFFENDER

██ Cardwell was convicted of driving while suspended as a habitual traffic offender under Indiana Code section 9–30–10–17 (West Supp.1995) and given an enhanced

eight-year sentence. Cardwell was also convicted of being a habitual offender under Indiana Code section 35–50–2–8 (West Supp. 1995), the general habitual offender statute, and given an additional twelve-year sentence. Cardwell argues that he could not be convicted under the general habitual offender statute when he was convicted of driving while suspended for life. The State concedes that Cardwell is correct. In *Stanek v. State*, 603 N.E.2d 152 (Ind.1992), *reh'g denied*, our supreme court determined that a sentence for a conviction of driving after privileges are suspended for life under Indiana Code section 9–12–3–2 (repealed and replaced by I.C. section 9–30–10–17) cannot be enhanced under the general habitual offender statute, I.C. section 35–50–2–8, because the traffic offender statute is a "discrete, separate, and independent habitual offender statute." 603 N.E.2d at 153–54. Thus, Stanek's conviction of habitual offender was vacated. Likewise, Cardwell's conviction and sentence under the general habitual offender statute, I.C. section 35–50–2–8, are vacated.[3]

### AGGRAVATING CIRCUMSTANCES

█ Additionally, Cardwell argues that the trial court improperly enhanced his sentence for driving while suspended because the aggravating circumstances identified by the trial court were elements of the offense. The trial court found as aggravating factors that Cardwell had "nine prior D.U.I. arrests, [he had] been convicted several times as an habitual offender with at least two of those as a lifetime offender." R. 594. The trial court also found that everything from counseling to short term sentences had been tried with Cardwell to no avail.

█ Cardwell is correct that a material element of a crime may not also constitute an aggravating circumstance to support an enhanced sentence. *Ector v. State*, 639 N.E.2d 1014, 1015 (Ind.1994), *reh'g denied*. He contends that his conviction of driving while suspended was a Class C felony because of his prior driving while intoxicated offenses

and his prior conviction of driving while suspended. However, it is clear from the trial court's statement that the presumptive sentence was not enhanced merely because Cardwell had a prior conviction that formed the basis of his present conviction. The trial court noted his prior arrests, not convictions, for drunk driving, and emphasized that prior penalties had not been effective, and that Cardwell had been in the justice system for close to fifteen years and had been released from prison for only a short time before committing this offense. The trial court adequately supported the enhanced sentence with aggravating factors.

### ASSISTANCE OF COUNSEL

Cardwell argues he received ineffective assistance of counsel because counsel (1) failed to object to admission of evidence obtained pursuant to the unlawful search and seizure, (2) counsel failed to object when Cardwell was sentenced as a habitual offender, and (3) counsel failed to challenge the sufficiency of the evidence on the driving while suspended charge. We have determined that Cardwell was lawfully stopped and the evidence was properly admitted, so counsel was not ineffective for failing to object. We have also vacated Cardwell's conviction of habitual offender, thus, we need not discuss whether counsel was ineffective. As for his third claim, the record shows that counsel moved for judgment on the evidence at the close of the State's case on the ground that the State had not proven a valid suspension to support the charge of driving while suspended. Thus, contrary to Cardwell's assertion, counsel did challenge the sufficiency of the evidence.

### SUFFICIENCY

█ Cardwell argues that the evidence does not support his conviction for driving while suspended because the State did not prove a valid suspension of his license. He relies upon *Bishop v. State*, 638 N.E.2d 1278 (Ind.Ct.App.1994), *reh'g denied*. In *Bishop*,

---

**3.** The trial court did not enhance Cardwell's sentence for driving while suspended due to the habitual offender conviction. Instead, the trial court improperly imposed a separate sentence.

Thus, we do not need to remand for resentencing as the court did in *Stanek*, 603 N.E.2d 152. We need merely vacate the habitual offender conviction and sentence.

the defendant was convicted of driving while suspended for being an habitual traffic offender under Indiana Code section 9–30–10–16 (West Supp.1995), which provides in pertinent part:

(a) a person who operates a motor vehicle:

(1) while the person's driving privileges are suspended ... commits a Class D felony.

This court held that an element of the offense is a valid suspension that the State can prove by showing that the notice of suspension sent to the defendant complied with the notice content requirements of Indiana Code section 9–30–10–5 (West 1992).

■■■ However, Cardwell was not charged under I.C. section 9–30–10–16. He was charged under Indiana Code section 9–30–10–17 (West Supp.1995),[4] which provides in pertinent part:

A person who operates a motor vehicle after the person's driving privileges are forfeited for life under section 16 of this chapter ... commits a Class C felony.

To support a conviction under this section the State must prove that the defendant was driving and prove that the defendant's privileges have been suspended for life. *Stanek v. State*, 587 N.E.2d 736 (Ind.Ct.App.1992), *aff'd in relevant part and vacated on other grounds*, 603 N.E.2d 152 (Ind.1992). The State presented evidence that Cardwell had his privileges suspended for life following a prior conviction for driving while his license was suspended and evidence that Cardwell knew his privileges had been suspended for life. This evidence is sufficient to support his conviction.

Cardwell does not challenge his conviction of resisting law enforcement. His convictions of resisting law enforcement and driving while suspended for life are affirmed.

The conviction of and sentence for habitual offender is vacated.

RUCKER and STATON, JJ., concur.

4. We reject Cardwell's premise that he was charged with driving while suspended as an habitual traffic offender, apparently under I.C. § 9–30–10–16, because the heading on the information identifies the offense as "Driving While Suspended As A Habitual Offender." The heading on the information cites I.C. § 9–30–10–17 as the applicable statute. Also, the language of the charge states that Cardwell was driving while his driving privileges were suspended for life. There is simply no merit to Cardwell's contention that he was charged and convicted of a different offense.