**Henry J. MOORE, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

No. 49A04–9802–CR–72.

Court of Appeals of Indiana.

Dec. 10, 1998.

Rehearing Denied Jan. 26, 1999.

Jan B. Berg, Indianapolis, for Appellant–Defendant.

Jeffrey A. Modisett, Attorney General, Stephen K. Tesmer, Deputy Attorney General, Indianapolis, for Appellee–Plaintiff.

## OPINION

ROBB, Judge.

Henry Moore was convicted following a bench trial of Operating a Motor Vehicle while Privileges Forfeited for Life, a Class C felony, and was sentenced to six years incarceration. Moore now appeals his conviction. We affirm.

### Issues

Moore raises for our review the following restated issues:

1. Whether he proved by a preponderance of the evidence that his operation of a motor vehicle while his license was suspended was necessitated by an extreme emergency, pursuant to Indiana Code section 9–30–10–18; and

2. Whether the State proved that Moore's license had been forfeited for life.

### Facts and Procedural History

In November of 1993, Moore's license was suspended for life upon a conviction for Operating a Motor Vehicle while Suspended as a Habitual Traffic Violator, a Class D felony, pursuant to Indiana Code section 9–12–3–1.[1]

On January 8, 1997, Moore was experiencing chest and neck pain and cramping in his arms. He waited for his wife to return home from work to take him to the hospital, but when he learned she was going to be working overtime, he dialed 911. He was put on hold and eventually hung up. He then drove the family car a few blocks to pick up a friend and continued driving to the hospital. En route, he was stopped for speeding and arrested when the officer discovered that he did not have a valid license. After being booked, he was transported to the hospital, where he remained for four days.

At the bench trial, the State introduced a copy of Moore's driving record certified by the Bureau of Motor Vehicles, which showed that Moore's license had been suspended for life. R. 100, 113. The State further introduced certified court records from the underlying case in which Moore had pleaded guilty to Operating as a Habitual Traffic Violator. R. 129. Moore presented the defense of extreme emergency. The trial court found Moore guilty as charged.

### Discussion and Decision

I. "Extreme Emergency" Defense

■ Moore contends that he proved the defense of extreme emergency by a preponderance of the evidence and was therefore entitled to acquittal. "In a criminal action brought under section 16 or 17 of this chapter, it is a defense that the operation of a motor vehicle was necessary to save life or limb in an extreme emergency." Ind.Code § 9–30–10–18. This is essentially a challenge to the sufficiency of the evidence. *Shrum v. State*, 664 N.E.2d 1180, 1182 (Ind.Ct.App. 1996). Our standard of review of such a challenge is well-settled: we consider the evidence most favorable to the verdict, along with all reasonable inferences to be drawn therefrom, in order to determine whether a reasonable trier of fact could have found the defendant guilty beyond a reasonable doubt. *Timberlake v. State*, 690 N.E.2d 243, 251 (Ind.1997), *reh'g denied, petition for cert. filed* (Sept. 25, 1998). We neither reweigh the evidence nor judge the credibility of the witnesses. *Id.* If there is substantial evidence of probative value supporting each element of the crime, we will not disturb the conviction. *Id.*

■ At the conclusion of the trial, the trial court stated as follows:

---

1. Now codified at Ind.Code § 9–30–10–16.

I am troubled by the emergency defense. He certainly may have thought he was in some emergency. However, his conduct doesn't quite bear that out. Having to stop to pick up another individual ... one would think that if it were truly an emergency, you would drive straight to the hospital without making a rather substantial detour ... to pick somebody up just to drive a car back, but that seems to be quite a bit out of the way—particularly considering where his residence was located in a direct route to Methodist Hospital.... Consequently, there is going to be a finding of guilty as charged of operating a motor vehicle while suspended for life.

R. 171–72.

Given the evidence, we cannot say that the circumstances with which Moore was faced rise to the meaning of an "extreme emergency" necessitating his operation of a motor vehicle. Moore waited for several hours while having chest pains for his wife to return home to take him to the hospital. He finally called 911, but then decided not to wait for assistance. He drove several blocks out of his way, and in fact, away from the hospital, in order to pick up a friend who could drive his car home from the hospital. This friend was a licensed driver, but Moore did not let her drive. The officer who initially stopped Moore for speeding testified that Moore did not mention at any time during the stop that he was ill or in need of medical attention. We must decline Moore's invitation to reweigh the evidence in his favor. We find no error in the trial court's refusal of his tendered defense.

II. Suspended License v.<br>Forfeited License

■ Moore also contends that the State proved only that his license had been *suspended* for life, and not *forfeited*, as charged. Moore had been adjudged a habitual traffic violator under the provisions of Indiana Code section 9–30–10–4(b). His license was therefore suspended pursuant to the provisions of Indiana Code section 9–30–10–5(b). In November of 1993, Moore was convicted of Operating a Motor Vehicle while Suspended as a Habitual Violator pursuant to the provisions of Indiana Code section 9–30–10–16(a).

This section provides that "[i]n addition to any criminal penalty, a person who is convicted of a felony under subsection (a) *forfeits* the privilege of operating a motor vehicle for life." Ind.Code § 9–30–10–16(b) (emphasis added). The State introduced certified copies of court records regarding the November 1993 conviction, including the guilty plea which Moore signed and the judgment of conviction entered the same day which stated that Moore's license was suspended for life. Further, the State introduced the Bureau of Motor Vehicles driving record which included the notice of suspension which had been mailed to Moore as a result of this conviction.

■ Subsequently, Moore was arrested for the instant offense and charged pursuant to Indiana Code section 9–30–10–17, which states that "[a] person who operates a motor vehicle after the person's driving privileges are forfeited for life under section 16 of this chapter commits a Class C felony." To support a conviction under this section, the State must prove that the defendant was driving and that his driving privileges had been suspended for life. *Cardwell v. State*, 666 N.E.2d 420, 424 (Ind.Ct.App.1996), *trans. denied.* The State presented evidence that Moore had his driving privileges suspended for life following a prior conviction for driving while his license was suspended, and also evidence that Moore knew his privileges had been suspended for life. Moore is arguing a difference without a distinction. There is simply no merit to his contention that the State failed to prove the charge against him by proving "suspension" rather than "forfeiture." There is sufficient evidence to support his conviction of Operating a Motor Vehicle while Privileges Forfeited for Life.

Affirmed.

KIRSCH and STATON, JJ., concur.