Darell J. FORD, Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 70A01–9811–CR–436.

Court of Appeals of Indiana.

June 23, 1999.

Transfer Denied Aug. 25, 1999.

---

7. This holding also encompasses the penalty provisions for nonpayment of the fee.

Michael. R. Burrow, Jeffrey S. Neel, Wolf & Burrow, Greenfield, Indiana, Attorneys for Appellant.

Jeffrey A. Modisett, Attorney General of Indiana, Liisi Brien, Deputy Attorney General, Indianapolis, Indiana, Attorneys for Appellee.

## OPINION

STATON, Judge

Following a jury trial, Darell J. Ford appeals his conviction for Operating a Motor Vehicle While Driving Privileges Are Suspended for Life (Driving While Suspended for Life), a Class C felony.[1] Ford raises one issue on appeal, which we restate as: whether the evidence is sufficient to support Fords conviction.

We affirm.

The facts most favorable to the verdict reveal that Rushville Police Officer Larry Copley saw a man wearing a dark ball cap driving an automobile on June 17, 1997. Officer Copley lost sight of the vehicle for approximately one minute. When Officer Copley regained sight of the vehicle, the car was parked and Ford, who was wearing a dark cap, was sitting in the drivers seat. Officer Copley testified that he believed Ford was the man who had been driving the vehicle.

Fords drivers license had been suspended for life on December 21, 1987, and remained suspended on June 17, 1997. Ford testified that he knew he was not supposed to operate a motor vehicle on June 17, 1997 because of his license suspension.

Ford contends that the evidence is insufficient to support his conviction for Driving While Suspended for Life. When reviewing a claim of sufficiency of the evidence, we do not reweigh the evidence or judge the credibility of witnesses. *Jordan v. State,* 656 N.E.2d 816, 817 (Ind.1995), *reh. denied.* We look to the evidence and the reasonable inferences therefrom that support the verdict. *Id.* The conviction will be affirmed if evidence of probative value exists from which a jury could find the defendant guilty beyond a reasonable doubt. *Id.*

Ford argues that the evidence is insufficient because the State failed to prove that his license was validly suspended. Ford contends that the Indiana Bureau of Motor Vehicles (BMV) failed to adequately notify him of his right to judicial review of his 1985 suspension as an habitual traffic violator. Citing cases establishing that notification of the right to judicial review is an evidentiary prerequisite to proving a valid suspension as an habitual traffic violator, *see, e.g., Griffin v. State,* 654 N.E.2d 911, 912 (Ind.Ct.App.1995); *Bishop v. State,* 638 N.E.2d 1278, 1280 (Ind. Ct.App.1994), *reh. denied,* Ford contends that his conviction is not supported by the evidence.

The cases Ford cites are inapplicable to the present case. The requirement that a person be notified of his right to judicial review affects the validity of suspensions as an habitual traffic violator, not suspensions for life. *See* IND.CODE § 9–12–2–1 (Supp. 1987); *Cardwell v. State,* 666 N.E.2d 420, 423–24 (Ind.Ct.App.1996), *trans. denied.* Here, Ford was convicted for Driving While Suspended for Life. A persons license is validly suspended for life where the person has been convicted of Driving While Suspended as an Habitual Traffic Violator as a felony. *See* IND.CODE § 9–12–3–1 (Supp.1987). Fords license was suspended for life in 1987 follow-

---

1. IND.CODE § 9–30–10–17 (1993).

ing his felony conviction for Driving While Suspended as an Habitual Traffic Violator. This suspension was valid.

■■ In order to support a conviction for Driving While Suspended for Life, the State must prove that the defendant was driving and that the defendant's privileges had been suspended for life. *Stanek v. State,* 587 N.E.2d 736 (Ind.Ct.App.1992), *affd. in relevant part and revd. in part,* 603 N.E.2d 152 (Ind.1992), *reh. denied*; *Moore v. State,* 702 N.E.2d 762, 764 (Ind.Ct.App.1998), *reh. denied*; *Cardwell,* 666 N.E.2d at 424. Here, Officer Copley testified that Ford was driving an automobile on June 17, 1997. The State introduced Fords certified driving record. This record indicated that Fords driving privileges had been suspended for life on December 21, 1987 and that this suspension remained in effect on June 17, 1997. Ford testified that he knew that he was not supposed to drive on June 17, 1997 because his license had been suspended. This evidence is sufficient to support Fords conviction for Driving While Suspended for Life.

Affirmed.

BAILEY, J., and FRIEDLANDER, J., concur.