Edwin L. **KENWORTHY,**
**Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

No. 55A04–0004–CR–159.

Court of Appeals of Indiana.

Nov. 21, 2000.

Transfer Denied Jan. 17, 2001.

---

Loretta Lauer, Gregory T. Lauer, Lauer & Lauer, Martinsville, Indiana, Attorneys for Appellant.

Karen M. Freeman–Wilson, Attorney General of Indiana, James B. Martin, Deputy Attorney General, Indianapolis, Indiana, Attorneys for Appellee.

## OPINION

BAKER, Judge

Appellant-defendant Edwin L. Kenworthy appeals his conviction for Operating a Motor Vehicle After Forfeiture of License for Life,[1] a class C felony. Specifically, Kenworthy maintains that the arresting officer improperly stopped the vehicle that he was driving. Therefore, Kenworthy urges that his motion to suppress with respect to the officer's in-court identification of him should have been granted.

### FACTS

The facts most favorable to the judgment reveal that on November 27, 1998, at approximately 10:50 p.m., Mooresville Police Officer Kevin Julian observed a green Chevrolet pick-up truck traveling along State Road 67. Officer Julian knew that Nicholas Snyder owned such a vehicle and was aware that Snyder's driver's license had been suspended because of an adjudication as a habitual traffic offender. Due to the late hour, Officer Julian could not readily determine who was driving the truck. Thus, he continued following the truck and proceeded to run a check on the license plate which confirmed that the vehicle was registered to Snyder.

After stopping the truck, Officer Julian approached the driver's side of the vehicle where he learned that Kenworthy had been driving the vehicle with Snyder as the passenger. He also detected the odor of alcoholic beverages emanating from the

---

1. IND. CODE § 9–30–10–17; IND. CODE § 35–50–2–6.

cab of the truck and suspected that both Kenworthy and Snyder had been drinking. When Officer Julian began to question the men, Kenworthy "took off on a dead run." Record at 76. Shortly thereafter, backup officers arrived and began a search. Kenworthy was ultimately found hiding in a nearby dog house. After the apprehension, Kenworthy failed two field sobriety tests and refused to submit to a chemical test.

Kenworthy was ultimately charged with operating a motor vehicle after forfeiture of license for life, operating a vehicle while intoxicated and resisting law enforcement. During a bench trial which commenced on December 3, 1999, Kenworthy moved to suppress Officer Julian's in-court identification of him on the grounds that the truck had been stopped on less than probable cause or reasonable suspicion. The trial court denied the motion and proceeded to find Kenworthy guilty of operating a motor vehicle after forfeiture of license for life and resisting law enforcement. He was acquitted of operating a vehicle while intoxicated for the reason that there was no evidence of "impairment of the driving activity." R. at 125. Kenworthy now appeals.

### DISCUSSION AND DECISION

■ Kenworthy asserts that his conviction must be reversed because Officer Julian lacked the reasonable suspicion to stop the truck. Inasmuch as Officer Julian did not learn the driver's identity until after the stop, Kenworthy further maintains that the investigation should have stopped once Officer Julian determined that Snyder was not the driver. Appellant's brief at 5.

■ To resolve this issue, we initially observe that when reviewing a trial court's ruling on a motion to suppress evidence, this court will examine the evidence most favorable to the ruling, together with any uncontradicted evidence to the contrary. *Melton v. State*, 705 N.E.2d 564, 566 (Ind. Ct.App.1999). We will not reweigh the

evidence or judge the credibility of the witnesses. *Johnson v. State*, 710 N.E.2d 925, 927 (Ind.Ct.App.1999). If the evidence conflicts, this court considers only the evidence favorable to the ruling and will affirm if the ruling is supported by substantial evidence of probative value. *Melton*, 705 N.E.2d at 566.

■ Next, we note that whether a particular fact situation justifies an investigatory stop is determined on a case-by-case basis. *Myers v. State*, 714 N.E.2d 276, 284 (Ind.Ct.App.1999), *trans. denied.* The Fourth Amendment is satisfied if the facts known to the officer at the moment of the stop are such that a person of reasonable caution would believe that the action taken was appropriate. *Id.* Thus, this court examines the totality of the circumstances in determining whether Officer Julian had reasonable suspicion to believe that there was criminal activity afoot. *Webb v. State*, 714 N.E.2d 787, 788 (Ind.Ct. App.1999).

■ We next observe that a police officer may stop a vehicle and conduct brief investigative detentions on less than probable cause. *Smith v. State*, 713 N.E.2d 338, 342 (Ind.Ct.App.1999), *trans. denied.* Moreover, a stop is valid when there is an objectively justifiable reason for it. So long as there is such a reason, the stop is permissible whether or not the police officer would have otherwise made the stop but for ulterior suspicions or motives. *Id.*

In the instant case, the record reveals that Officer Julian had personal knowledge of Snyder's license suspension. R. at 67–68. Moreover, he was aware that the pickup truck he observed was registered to Snyder. R. at 67. As Officer Julian confirmed his suspicions through a radio check, he had the reasonable suspicion to stop and approach the truck to investigate. *See Smith*, 713 N.E.2d at 342 (mismatched license plate on vehicle provided police officer with reasonable suspicion that the

vehicle could have been stolen or retagged, thereby warranting a traffic stop).

We also note that, notwithstanding Kenworthy's claim that Officer Julian was required to cease the investigation after discovering that Snyder was not the driver, his detection of the smell of alcoholic beverages justified his continued investigation and detention. *See Bratcher v. State,* 661 N.E.2d 828, 831 (Ind.Ct.App.1996) (concluding that police stop and investigation were justified when the officer, after learning that the defendant may have been involved in a domestic dispute and had fled the scene in an automobile, detected alcohol on the driver's breath and observed him arguing with a passenger). We therefore reject Kenworthy's assertion that Officer Julian "should have let [him] go immediately after seeing him as the driver of the truck." Appellant's brief at 8. Thus, the trial court properly determined that Officer Julian's detection of the strong odor of alcoholic beverages emanating from the truck provided a reasonable suspicion that justified a further investigation under these circumstances. Therefore, the trial court properly admitted Officer Julian's testimony with respect to the incident.

Judgment affirmed.

SHARPNACK, C.J., and VAIDIK, J., concur.