Thomas A. ARMFIELD, Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 29A02–0802–CR–101.

Court of Appeals of Indiana.

Aug. 11, 2008.

Publication Ordered Sept. 15, 2008.

Taffanee L. Keys, Hamilton County Public Defender, Indianapolis, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Jodi Kathryn Stein, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

BAILEY, Judge.

### Case Summary

Appellant–Defendant Thomas A. Armfield appeals his conviction for Operating a Vehicle after a Lifetime Suspension, a Class C felony.[1] We affirm.

### Issues[2]

Armfield raises two issues for review:

I. Whether the trial court erred in admitting evidence obtained during the traffic stop; and

II. Whether there is sufficient evidence to support his conviction.

### Facts and Procedural History

At 12:30 a.m. on September 12, 2005, Carmel Police Officer Brian Schmidt ran a random license plate registration check on a 1992 blue GMC, which was traveling in the same direction. While waiting on the results, Officer Schmidt passed the GMC. When the results of the registration check indicated that Armfield, the registered owner of the GMC, had a lifetime suspension of his driving privileges, Officer Schmidt had Officer Michael Flynn assist him by initiating a traffic stop of the GMC. During the stop, the officers verified that the driver of the car was Armfield.

The State charged Armfield with Operating a Vehicle after a Lifetime Suspension. Challenging the validity of the traffic stop, Armfield filed a motion to suppress, which the trial court denied after an evidentiary hearing. At trial, Armfield objected to the testimony from Officer Schmidt regarding the traffic stop. The jury found Armfield guilty as charged, and the trial court sentenced him to six years, with two to be executed on work release and four years suspended to probation.

Armfield now appeals.

### Discussion and Decision

#### I. Admission of Evidence

■ Armfield argues that the traffic stop violated his Fourth Amendment rights because Officer Schmidt did not have reasonable suspicion of criminal activity to initiate it. Although his argument is challenging the denial of his motion to suppress, the issue is more appropriately framed as whether the trial court abused its discretion when it admitted the challenged evidence at trial. *Scott v. State*, 855 N.E.2d 1068, 1071 (Ind.Ct.App.2006). A trial court has broad discretion in ruling on the admissibility of evidence. *Id.* Accordingly, we will reverse an admissibility ruling only when the trial court has abused its discretion. *Id.* An abuse of discretion occurs when a trial court's decision is clearly against the logic and effect of the facts and circumstances before the court. *Id.*

■ The Fourth Amendment states in relevant part, "The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated...." This provision applies to the states through the Fourteenth Amendment. *Krise v. State*, 746 N.E.2d 957, 961 (Ind. 2001). In *Terry v. Ohio*, the U.S. Supreme Court set forth an exception to the Fourth

---

1. Ind.Code § 9–30–10–17.

2. Armfield also states a third issue of "Whether Mr. Armfield's Conviction is Void as the Information and Jury Instructions Allege Mr. Armfield was Previously Convicted of Habitual Traffic Violator For Life." Appellant's Br. at 13. However, Armfield does not make a cogent argument as to why the additional words "for life" make his conviction void. *See* Ind. Appellate Rule 46(A)(8)(a). Accordingly, this issue is waived.

Amendment's warrant and probable cause requirement. *Terry v. Ohio*, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968).

Commonly known as a *Terry* stop, police can briefly detain an individual for investigatory purposes without a warrant if, based on specific and articulable facts, the officer has reasonable suspicion that criminal activity "may be afoot." *Id.* at 27. Reasonable suspicion entails some minimal level of objective justification for making a stop, something more than an unparticularized suspicion or hunch, but less than the level of suspicion required for probable cause. *Wilson v. State*, 670 N.E.2d 27, 29 (Ind.Ct.App.1996) (citing *United States v. Sokolow*, 490 U.S. 1, 7, 109 S.Ct. 1581, 104 L.Ed.2d 1 (1989)). To evaluate the validity of a stop, the totality of the circumstances must be considered. *Burkett v. State*, 736 N.E.2d 304, 306 (Ind. Ct.App.2000). Although the standard of review of a trial court's decision to admit evidence is whether there was an abuse of discretion, the determination of reasonable suspicion is reviewed *de novo. Id.*

As noted in the recent case *Holly v. State*, there were only three prior published cases from this Court addressing the issue of whether a police officer's knowledge that the registered owner of a vehicle lacks a valid driver's license alone constitutes reasonable suspicion to conduct a *Terry* stop. *See Holly v. State*, 888 N.E.2d 338, 341 (Ind.Ct.App.2008).[3] Two concluded that such information is sufficient. *State v. Ritter*, 801 N.E.2d 689, 693 (Ind.Ct.App.2004), *trans. denied; Kenworthy v. State*, 738 N.E.2d 329, 331 (Ind.Ct. App.2000), *trans. denied.*

The *Ritter* Court held that such information constitutes the requisite reasonable suspicion to conduct a *Terry* stop *unless* the officer is able to discern that the driver of the vehicle does not match the description of the owner of the vehicle. *Ritter*, 801 N.E.2d at 693. *Ritter* specifically rejected the conclusion of the third published case, *Wilkinson v. State*, 743 N.E.2d 1267 (Ind.Ct.App.2001), *trans. denied*, which held that an officer must have evidence that the person driving the vehicle matched the vehicle owner's description in *addition to* knowing of the owner's lack of driving privileges.[4] *Ritter*, 801 N.E.2d at 692–93.

We agree with *Ritter* and *Kenworthy* that knowledge that the registered owner of the vehicle has a suspended license is enough to constitute reasonable suspicion for an officer to take the minimal action of initiating a traffic stop. Here, Officer Schmidt made the traffic stop based on the random license plate check revealing that the owner of the vehicle, Armfield, was without privileges to drive. Based on our analysis above, the officers did have the requisite reasonable suspicion to initiate the *Terry* stop. Therefore, the trial court properly admitted the evidence resulting from the stop.

## II. Sufficiency of the Evidence

Second, Armfield asserts that there was insufficient evidence to prove that his license had been suspended for life. In addressing a claim of insufficient evidence, we do not reweigh the evidence

---

**3.** *Holly v. State* is not certified as there is a pending motion for rehearing and the State has expressed its intention to seek transfer. Therefore we concentrate our analysis on the three certified cases from this Court.

**4.** In *Wilkinson*, the police officer utilized the physical characteristics detailed on the suspect's driver's license, such as height, weight, hair and eye color, to determine whether the driver was the registered owner of the vehicle. *Wilkinson v. State*, 743 N.E.2d 1267, 1271 (Ind.Ct.App.2001), *trans. denied.*

nor do we reevaluate the credibility of witnesses. *Rohr v. State*, 866 N.E.2d 242, 248 (Ind.2007), *reh'g denied.* We view the evidence most favorable to the verdict and the reasonable inferences therefrom and will affirm the conviction if there is substantial evidence of probative value from which a reasonable jury could find the defendant guilty beyond a reasonable doubt. *Id.*

 To convict Armfield of Operating a Vehicle after a Lifetime Suspension, the State was required to prove that Armfield was driving and that his privileges had been suspended for life. *Ford v. State*, 711 N.E.2d 86, 88 (Ind.Ct.App.1999), *trans. denied.* Here, Officer Schmidt observed Armfield driving, and Armfield verbally confirmed his identity when he was stopped. Through Officer Schmidt's testimony and the State's exhibits, Armfield's date of birth, driver's license number, plea agreement and judgment of conviction for Operating While a Habitual Traffic Violator, which included the lifetime forfeiture of driving privileges as part of the sentence, were admitted into evidence. This is sufficient evidence to support the conviction. *See Pierce v. State*, 737 N.E.2d 1211, 1214 (Ind.Ct.App.2000) ("A defendant who has been convicted of being an habitual traffic offender and whose license has accordingly been suspended for life has almost certainly appeared in court, entered a plea of guilty or been convicted after a trial in which he participated, and been sentenced by the trial court to a lifetime suspension.... We accordingly find that in cases where a defendant is charged with a Class C felony under Indiana Code Section 9–30–10–17, proof of a prior conviction of being an habitual traffic violator with a license suspended for life, together with proof that the defendant was driving the vehicle, is sufficient to support a conviction."), *trans. denied.*

Affirmed.

RILEY, J., and BRADFORD, J., concur.

*ORDER*

On August 11, 2008, this Court handed down its opinion in this appeal marked Memorandum Decision, Not for Publication. The Appellee, by counsel, has filed a Verified Motion for Publication of Memorandum Decision.

Having considered the matter, the Court FINDS AND ORDERS AS FOLLOWS:

1. The Appellee's Verified Motion for Publication of Memorandum Decision is GRANTED, and this Court's opinion heretofore handed down in this cause on August 11, 2008, marked Memorandum Decision, Not for Publication is now ORDERED PUBLISHED.

RILEY, BAILEY, BRADFORD, JJ., concur.