## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jul 29 2016, 9:52 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Mark Leeman
Logansport, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

George P. Sherman
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| David Harris,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff.* | July 29, 2016<br><br>Court of Appeals Case No.<br>09A02-1512-CR-2374<br><br>Appeal from the Cass Superior Court<br><br>The Honorable Richard A. Maughmer, Judge<br><br>Trial Court Cause No.<br>09D02-1503-F5-24 |

**Riley, Judge.**

## STATEMENT OF THE CASE

Appellant-Defendant, David L. Harris (Harris), appeals his conviction for operating a motor vehicle after his driving privileges were forfeited for life, a Level 5 felony, Ind. Code § 9-30-10-17(a)(1) (2015).[1]

We affirm.

## ISSUE

Harris raises two issues on appeal, which we consolidate and restate as the following issue: Whether the State presented sufficient evidence to support Harris' conviction for operating a motor vehicle after his driving privileges were forfeited for life.

## FACTS AND PROCEDURAL HISTORY[2]

At approximately midnight on March 10, 2015, Sergeant Britt Edwards (Sergeant Edwards) of the Logansport Police Department was dispatched to 1517 Smead Street in Logansport, Cass County, Indiana, in response to a report that a male was throwing and destroying items inside the residence. Before Sergeant Edwards arrived, dispatch advised that the suspect had driven away in a tan Pontiac Grand Prix. Sergeant Edwards located a vehicle matching the description parked alongside the road, and he observed a male exit from the

---

[1] This version of the statute became effective January 1, 2015. *See* Ind. P.L. 217-2014, § 143.

[2] We remind the parties that, pursuant to Indiana Administrative Rule 9(G)(2)(f), "[c]omplete Social Security Numbers of living persons" must be excluded from the public record.

driver's door. Sergeant Edwards approached the driver, who identified himself as Harris. When Sergeant Edwards inquired about the reported disturbance on Smead Street, Harris explained that he had been in an argument with his wife. Upon Sergeant Edwards' request for identification, Harris provided an Indiana identification card. Sergeant Edwards conducted a check on Harris' information and discovered that Harris was a habitual traffic violator (HTV) with a lifetime driver's license suspension. Accordingly, Sergeant Edwards placed Harris under arrest.

[5] On March 11, 2015, the State filed an Information, charging Harris with operating a motor vehicle after forfeiture of license for life, a Level 5 felony, I.C. § 9-30-10-17(a)(1) (2015) (Section 17). On November 12, 2015, the trial court conducted a bench trial. At the close of the evidence, the trial court found Harris guilty as charged. On December 21, 2015, the trial court held a sentencing hearing and ordered Harris to serve four years, with three years executed through community corrections, if Harris qualified, and one year suspended to probation.

[6] Harris now appeals. Additional facts will be provided as necessary.

## DISCUSSION AND DECISION

[7] Harris claims that the State presented insufficient evidence to support his conviction for operating a vehicle with a lifetime forfeiture of his driver's license. In a challenge to the sufficiency of the evidence, our court considers the evidence most favorable to the judgment, along with any reasonable

inferences that may be drawn therefrom. *Moore v. State*, 702 N.E.2d 762, 763 (Ind. Ct. App. 1998). We must determine, in light of the evidence, "whether a reasonable trier of fact could have found the defendant guilty beyond a reasonable doubt." *Id.* In doing so, we neither reweigh evidence nor assess witness credibility. *Id.* So long as "there is substantial evidence of probative value supporting each element of the crime," we will uphold the conviction. *Id.*

[8] In order to convict Harris of the charged offense, the State was required to prove that he "operate[d] a motor vehicle after the person's driving privileges are forfeited for life under [Indiana Code section 9-30-10-16 (Section 16)]." I.C. § 9-30-10-17(a)(1) (2015). During the trial, the State presented evidence that in 2011, Harris was convicted of operating a vehicle as an HTV in violation of Indiana Code section 9-30-10-16(a)(2), which was a Class D felony at the time. For his Section 16 conviction, Harris received a 180-day suspended sentence, and the sentencing order indicated that he received a "lifetime suspension" of his driver's license. (State's Exh. 1, p.3); *see* I.C. § 9-30-10-16(a)(2),(c) (2014) ("A person who operates a motor vehicle . . . in violation of restrictions imposed under [the HTV statute] and who knows of the existence of the restrictions . . . commits a Level 6 felony" and "forfeits the privilege of operating a motor vehicle for life.").

[9] On appeal, Harris does not challenge the State's evidence that he was operating the vehicle and that he had previously been convicted of an offense under Section 16 for which he received a lifetime forfeiture of his driver's license. Rather, he directs our attention to Indiana Code section 9-30-10-19(b), which

provides that "[a] person whose driving privileges are suspended or forfeited for a determined period or for life under this chapter is eligible for specialized driving privileges under [Indiana Code chapter] 9-30-16." Indiana Code chapter 9-30-16 sets forth the eligibility and petition criteria for obtaining specialized driving privileges following a license suspension. According to Harris, "[b]ecause individuals with prior lifetime suspensions in Indiana can now receive 'specialized driving privileges[,'] the State was required to submit evidence expressly proving that Harris[] remained ineligible to drive on March 10, 2015." (Appellant's Br. p. 8). In other words, Harris claims that it was the State's burden to prove that he never applied for and received specialized driving privileges following his lifetime forfeiture.

[10] We need not address whether the State was required to prove that Harris did not have specialized driving privileges on March 10, 2015. Indiana Code section 9-30-10-19(b) did not go into effect until July 1, 2015, nearly four months *after* Harris committed the present offense. *See* Ind. P.L. 188-2015, § 118. Thus, at the time Harris operated a vehicle while his driving privileges were forfeited for life, there was no statute expressly providing that he was eligible to petition for specialized driving privileges.[3]

---

[3] Although Indiana Code chapter 9-30-16 became effective January 1, 2015—*i.e.*, prior to Harris' offense, it does not specifically include a provision granting specialized driving privileges for lifetime forfeitures/convictions under the HTV statute.

[11]  Harris also contends that the State failed to prove that he knew or should have known that his driving privileges were forfeited when he operated a vehicle on March 10, 2015, in violation of Section 17. Harris acknowledges that in *Brock v. State*, 955 N.E.2d 195, 205 (2011), our supreme court determined that knowledge of a lifetime forfeiture is not an element of Section 17. Rather, "the General Assembly intended [S]ection 17 to be a strict liability offense," so proof of knowledge is not necessary to support a conviction. *Id.*

[12]  Nonetheless, Harris now argues that, at the time *Brock* was decided, "there was no reasonable possibility that a person subject to Section 17 would have a right to drive." (Appellant's Br. p. 9). According to Harris, "[t]o be subject to Section 17[,] the defendant had to have had a prior felony conviction under Section 16, which at the time necessarily carried a penalty of a lifetime forfeiture of the license." (Appellant's Br. p. 9). However, effective July 1, 2015, the General Assembly amended Section 16 such that a conviction does not now require an automatic lifetime forfeiture of driving privileges. *See* Ind. P.L. 188-2015, § 117. Harris insists that this statutory amendment, along with the aforementioned amendment that permits individuals with a lifetime forfeiture to seek special driving privileges, "have now made it possible that a person subject to Section 17 might reasonably believe that [he or she] [has] a right to drive." (Appellant's Br. p. 10). As such, Harris posits that "knowledge must be an element for a conviction under Section 17." (Appellant's Br. p. 11). We disagree. As the State points out, the statutory changes that became effective on July 1, 2015, have no bearing on Harris' case "because the evidence

is undisputed that Harris'[] driving privileges were suspended for life under the prior version of [Section 16]" based on Harris' conviction in 2011. (State's Br. p. 8). Therefore, we conclude that the State was not required to establish that Harris knew or should have known about his lifetime forfeiture. Rather, the State presented sufficient evidence to uphold Harris' conviction under Section 17 by establishing that, in 2011, Harris was convicted under Section 16 of operating a vehicle as an HTV, for which he forfeited his license for a lifetime.

## CONCLUSION

[13] Based on the foregoing, we conclude that the State presented sufficient evidence to support Harris' conviction for operating a motor vehicle after forfeiture of license for life.

[14] Affirmed.

[15] Kirsch, J. and Pyle, J. concur