# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Apr 03 2020, 8:08 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Shannon R. Mears
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Jesse R. Drum
Supervising Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Angelica Ramirez Gonzalez,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

April 3, 2020

Court of Appeals Case No.
19A-CR-2391

Appeal from the Hendricks
Superior Court

The Honorable Mark A. Smith,
Judge

Trial Court Cause No.
32D04-1808-CM-1195

**Bailey, Judge.**

# Case Summary

[1] Angelica Ramirez Gonzalez ("Gonzalez") appeals her convictions for Operating a Vehicle with a Blood Alcohol Content of .08% per 100 milliliters of blood, a Class C misdemeanor,[1] and a Class C traffic infraction for failure to use a turn signal when changing lanes.[2] We affirm.

# Issues

[2] Gonzalez presents two issues for review:

    I.    Whether the trial court abused its discretion by admitting evidence obtained in violation of Gonzalez's rights under the Fourth Amendment to the United States Constitution or Article 1, Section 11 of the Indiana Constitution; and

    II.    Whether sufficient evidence supports the traffic infraction conviction.

---

[1] Ind. Code § 9-30-5-1.

[2] I.C. § 9-21-8-24(3). Indiana Code Section 9-21-8-24 provides: "A person may not:

    (1) slow down or stop a vehicle;

    (2) turn a vehicle from a direct course upon a highway; or

    (3) change from one (1) traffic lane to another;

unless the movement can be made with reasonable safety. Before making a movement described in this section, a person shall give a clearly audible signal by sounding the horn if any pedestrian may be affected by the movement and give an appropriate stop or turn signal in the manner provided in sections 27 through 28 of this chapter if any other vehicle may be affected by the movement."

# Facts and Procedural History

[3]     At around 2:30 a.m. on August 14, 2018, Hendricks County Sheriff's Deputy Travis Kahl ("Deputy Kahl") was traveling westbound on U.S. 40 in Plainfield when he observed Gonzalez move her vehicle from the left traffic lane into a turn lane without first activating her turn signal.[3] Deputy Kahl initiated a traffic stop. He detected an odor of alcohol emanating from Gonzalez's vehicle and observed that Gonzalez had bloodshot eyes. Deputy Kahl administered three field sobriety tests, two of which Gonzalez failed. After Gonzalez provided an insufficient breath sample for testing, she consented to a blood draw. The results indicated that her blood alcohol content was 0.119 per 100 milliliters of blood.

[4]     The State charged Gonzalez with Operating While Intoxicated, with endangerment, a Class A misdemeanor,[4] Operating a Vehicle with a Blood Alcohol Content of .08 or more, and failure to signal a lane change. On August 13, 2019, Gonzalez was tried in a bench trial.

[5]     Gonzalez moved to suppress the evidence obtained as a result of her detention, arguing that Deputy Kahl lacked reasonable suspicion to initiate a traffic stop. At the conclusion of Deputy Kahl's testimony, the trial court denied the motion to suppress and proceeded with the trial. Gonzalez was acquitted of the Class

---

[3] After the lane change, Gonzalez used a turn signal and turned into a gas station.

[4] I.C. § 9-30-5-2.

A misdemeanor and convicted of the Class C misdemeanor and infraction as charged. She was sentenced to 60 days imprisonment, with 58 days suspended. Gonzalez filed a motion to correct error, which the trial court denied. Gonzalez now appeals.

# Discussion and Decision

## Admission of Evidence

[6] The trial court has broad discretion to rule on the admissibility of evidence. *Thomas v. State*, 81 N.E.3d 621, 624 (Ind. 2017). Generally, evidentiary rulings are reviewed for an abuse of discretion and reversed when admission is clearly against the logic and effect of the facts and circumstances. *Id.* However, when a challenge to an evidentiary ruling is predicated on the constitutionality of a search or seizure of evidence, it raises a question of law that is reviewed de novo. *Id.* The State has the burden to demonstrate that the measures it used to seize information or evidence were constitutional. *State v. Rager*, 883 N.E.2d 136, 139 (Ind. Ct. App. 2008). We review conflicting evidence most favorable to the trial court's ruling. *Hansbrough v. State*, 49 N.E.3d 1112, 1114 (Ind. Ct. App. 2016), *trans. denied*.

[7] Gonzalez claims that the circumstances known to Deputy Kahl when he initiated the traffic stop failed to provide reasonable suspicion of criminality as required by the Fourth Amendment to the United States Constitution. She acknowledges that Indiana Code Section 9-21-8-24 requires that lane changing be accompanied by a turn signal if any other vehicle may be affected.

Additionally, Gonzalez acknowledges Deputy Kahl's testimony that he personally observed her change lanes without first signaling. However, Gonzalez suggests that she was operating her vehicle adequately under the circumstances, that is, there was a concrete median leading up to the turn lane (so no traffic could approach on that side), and there was significant space between her vehicle and Deputy Kahl's vehicle, the sole vehicle nearby.

[8] The Fourth Amendment "regulates all nonconsensual encounters between citizens and law enforcement officials." *Thomas*, 81 N.E.3d at 625. The Fourth Amendment guarantees that:

> The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.

U.S. Const. amend. IV.

[9] The Fourth Amendment prohibits unreasonable searches and seizures, and a traffic stop is a seizure that must comply with the Fourth Amendment. *McLain v. State*, 963 N.E.2d 662, 666 (Ind. Ct. App. 2012), *trans. denied*. To conduct a traffic stop, an officer needs "at least reasonable suspicion that a traffic law has been violated." *Meredith v. State*, 906 N.E.2d 867, 869-70 (Ind. 2009) (citing *Whren v. United States*, 517 U.S. 806, 809-10 (1996)). Reasonable suspicion entails a minimum level of objective justification for a stop that is more than an inchoate and unparticularized hunch. *Cardwell v. State*, 666 N.E.2d 420, 422

(Ind. Ct. App. 1996), *trans. denied.* The "decision to stop a vehicle is valid so long as [the officer's] on-the-spot evaluation reasonably suggests that lawbreaking occurred." *Id.* at 870. "[E]ven a minor traffic violation is sufficient to give an officer probable cause to stop the driver of a vehicle." *Austin v. State*, 997 N.E.2d 1027, 1034 (Ind. 2013).

[10] Deputy Kahl testified that he observed Gonzalez make a lane change without signaling, and that he was driving in proximity such that he could have been affected. The State established that the traffic stop was supported by reasonable suspicion.

[11] Also, Gonzalez argues that the traffic stop was an unreasonable intrusion conducted in violation of her rights under Article 1, Section 11 of the Indiana Constitution, which provides:

> The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable search or seizure, shall not be violated; and no warrant shall issue, but upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched, and the person or thing to be seized.

[12] "Although this language tracks the Fourth Amendment verbatim, we proceed somewhat differently when analyzing the language under the Indiana Constitution than when considering the same language under the Federal Constitution." *Trimble v. State*, 842 N.E.2d 798, 803 (Ind. 2006). "Instead of focusing on the defendant's reasonable expectation of privacy, we focus on the actions of the police officer, concluding that the search is legitimate where it is

reasonable given the totality of the circumstances." *Id*. The State has the burden to demonstrate that the police intrusion was reasonable. *D.F. v. State*, 34 N.E.3d 686, 690 (Ind. Ct. App. 2015), *trans. denied*.

[13] When reviewing whether the police intrusion was reasonable, we will consider the following factors in assessing reasonableness: "1) the degree of concern, suspicion, or knowledge that a violation has occurred, 2) the degree of intrusion the method of the search or seizure imposes on the citizen's ordinary activities, and 3) the extent of law enforcement needs." *Litchfield v. State*, 824 N.E.2d 356, 361 (Ind. 2005).

[14] The degree of intrusion is viewed from the point of view of the defendant. *See Duran v. State*, 930 N.E.2d 10, 19 (Ind. 2010). Gonzalez characterizes the intrusion into her activities as "minimal," but argues that Deputy Kahl did not reasonably have a "high degree of concern" because Gonzalez did not commit "an egregious offense." Appellant's Brief at 15. We would agree with Gonzalez that failure to employ a traffic signal in these circumstances is not an egregious offense. However, concern that a violation has been committed is not dependent upon the severity of the violation. Deputy Kahl personally observed Gonzalez change lanes without a signal. As for the extent of law enforcement needs, Deputy Kahl was assigned to patrol the public highway during early morning hours and look out for public safety. Again, his focus was not constrained to severe offenses. Given the totality of the circumstances, Deputy Kahl did not act unreasonably, in violation of the Indiana Constitution, when he initiated the instant traffic stop.

# Sufficiency of the Evidence

[15]    Gonzalez claims that she was found guilty of a violation of Indiana Code Section 9-21-8-24(1) (pertaining to unsafe slowing or stopping of a vehicle) and that the conviction lacks sufficient evidentiary support. Notwithstanding the apparent scrivener error in the Chronological Case Summary, Gonzalez was charged with, and convicted of, a violation of Indiana Code Section 9-21-8-24(3) (pertaining to lane change without a signal).

[16]    To establish this offense, which was reflected in the Complaint and Summons[5] served upon Gonzalez, the State had to show beyond a reasonable doubt that Gonzalez changed lanes but failed to give a signal when another vehicle may have been affected. *See* Indiana Code Section 9-21-8-24(3).

[17]    When reviewing the sufficiency of the evidence needed to support a criminal conviction, we neither reweigh evidence nor judge witness credibility. *Henley v. State*, 881 N.E.2d 639, 652 (Ind.2008). "We consider only the evidence supporting the judgment and any reasonable inferences that can be drawn from such evidence." *Id.* We will affirm if there is substantial evidence of probative value such that a reasonable trier of fact could have concluded the defendant was guilty beyond a reasonable doubt. *Id.*

---

[5] Indiana Code Section 34-28-5-1 provides that a complaint and summons described in Indiana Code Section 9-30-3-1 may be used to allege a traffic infraction or ordinance violation.

Deputy Kahl testified that he observed Gonzalez driving in the left lane and move into the turn lane without using a signal. He testified that he was driving in proximity to Gonzalez such that his vehicle could have been affected. Gonzalez's suggestion that Deputy Kahl was confused about which infraction was implicated is, at most, an invitation to reweigh the evidence. Sufficient evidence supports Gonzalez's conviction for the traffic infraction of failure to use a signal when changing lanes.

# Conclusion

The trial court did not admit evidence obtained in violation of Gonzalez's rights under the Fourth Amendment or Article 1, Section 11 of the Indiana Constitution. Sufficient evidence supports her conviction of the charged traffic infraction.

Affirmed.

Crone, J., and Altice, J., concur.